## OWEN et al. v. BROWN.

(Circuit Court of Appeals, Eighth Circuit. February 9, 1903.)

### No. 1,793.

1. ACT OF BANKRUPTCY — ' PREFERENCE THROUGH LEGAL PROCEEDING" — ENFORCEMENT OF JUDGMENT LIEN.

Neither the third subdivision of section 3a, nor any other provision of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), contemplates that valid judgment liens on real property acquired before the passage of the act, or more than four months before the filing of the petition in bankruptcy, shall be vacated, or that the due enforcement of such liens by execution shall constitute an illegal preference or an act of bankruptcy.

Appeal from the District Court of the United States for the District of Colorado.

Henry T. Rogers, Lucius M. Cuthbert, Daniel B. Ellis, and Pierpont Fuller, for appellants.

James H. Brown, for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge.  On the 14th day of April, 1902, the appellants filed their petition in the District Court of the United States for the district of Colorado to have the appellee adjudged a bankrupt.  The petition was based on the act of bankruptcy defined in the third subdivision of section 3a of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]), and alleged, in substance, that the appellee, Brown, was insolvent, and that within four months next preceding the filing of the petition he had committed an act of bankruptcy by suffering and permitting, while so insolvent, Thomas R. McKee, one of his creditors, to obtain a preference through legal proceedings, and did not, within five days of the date of the sale of his property thereunder, vacate and discharge such preference.  The petition then sets out that the alleged preference was obtained in this wise:  That on the 14th day of November, 1895, judgment was entered in the Circuit Court of the United States for the district of Colorado in favor of the First National Bank of Fort Madison, Iowa, against the defendant, Brown, for $5,260.65; that an execution was issued on this judgment on the 12th day of November, 1901, which was levied upon certain real estate belonging to the defendant, Brown, described in the petition, which, after being duly advertised for sale, was sold by the marshal on the 23d day of December, 1901, to Thomas R. McKee, assignee of the judgment, for the amount thereof, with interest and costs, and that by this proceeding McKee, the assignee of the judgment, obtained a preference by legal proceedings and a greater percentage of his debt against Brown than any other of his creditors, and that Brown, having suffered and permitted this preference thus obtained, and not having, at least five days before sale or final disposition of the property affected by such preference, vacated and discharged such preference, was thereby guilty of an act of bankruptcy.  The defendant Brown demurred to the petition, which was sustained, and petitioners appealed to this court.

The contention of the appellants is that the judgment creditor obtained a preference and the act of bankruptcy was committed when the defendant's real estate was sold on execution, without regard to the date of the judgment on which the execution was issued, and regardless of the fact that the judgment was a lien on the real estate of the defendant sold on the execution from the date of its rendition. This contention finds no support in the bankrupt act or on principle.  Section 3a of the bankrupt act provides (Act July 1, 1898, c. 20 Stat. 546 [U. S. Comp. St. 1901, p. 3422]):

"Acts of bankruptcy by a person shall consist of his having * * *; (3) suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property affected by such preference, vacated or discharged such preference."

Section 3b provides:

"A petition may be filed against a person who is insolvent and who has committed an act of bankruptcy within four months after the commission of such act."

The "preference through legal proceedings" mentioned in subdivision 3 is a preference obtained by such means within four months next preceding the filing of the petition in bankruptcy.

Neither the third subdivision of section 3a, nor any other provision of the bankrupt act, contemplates that valid judgment liens on real property acquired before the passage of the act, or more than four months before the filing of the petition in bankruptcy, shall be vacated; or that the due enforcement of such liens by execution shall constitute an illegal preference, which would be exactly tantamount to vacating or annulling the lien itself. The judgment against the defendant upon which his real estate was sold was rendered before the passage of the bankrupt act, and was a lien on the defendant's real estate from the date of its rendition, or whenever thereafter the judgment debtor acquired the property. Sess. Laws Colo. 1891, p. 247; Act of August 1, 1888, c. 729, 25 U. S. Stat. 357 [U. S. Comp. St. 1901, p. 701]; Dartmouth Savings Bank v. Bates (C. C.) 44 Fed. 546. The bankrupt act did not vacate or discharge this lien or take away the right of the judgment creditor to avail himself thereof by selling on execution the real estate upon which his judgment was a lien. The date of the sale is immaterial; whenever it took place it had relation back to the date the lien of the judgment attached. The judgment creditor's right to have this real estate sold on execution and the proceeds of the sale applied to the payment of his judgment was acquired when the lien of the judgment attached to the real estate, and not when the execution sale took place. As the judgment creditor did not, within four months of the filing of the petition in bankruptcy, obtain "a preference through legal proceedings" there was no "such preference" for the defendant to vacate or discharge, and the third subdivision of section 3a does not, therefore, apply to this case. The preference was obtained when the lien attached, and not when it was enforced. When the creditor obtains no preference within four months the debtor suffers or permits none for which he can be adjudged a bankrupt. Under the construction of the act contended for by the appellants it would be useless for a creditor to take a mortgage or obtain a judgment lien on the property of his debtor in any case; for years after he obtained his lien, and whenever by appropriate judicial proceedings he enforced the same to procure satisfaction of his debt, he would be met by the proposition that by the "legal proceedings" he had resorted to to enforce his lien he had thereby obtained "a preference through legal proceedings"; and the judgment debtor, for suffering or permitting such preference, would be adjudged a bankrupt, and the proceeds of the creditor's security would inure to the equal benefit of all the debtor's creditors. The bankrupt act does not work any such fell destruction of securities.

The recent decisions of the Supreme Court of the United States in the case of Metcalf Bros. & Co. v. Barker (October term, 1902), 23 Sup. Ct. 67, 47 L. Ed. ——, and Pickens v. Roy (October term, 1902) 23 Sup. Ct. 78, 47 L. Ed. ——, must be held to conclude this question. Though other provisions of the bankrupt act were under consideration in those cases, the reasoning of the court is equally

applicable to the provision of the act under consideration in this case. In the first of these cases the court, construing section 67f of the act, said:

"In our opinion the conclusion to be drawn from this language is that it is the lien created by a levy, or a judgment. or an attachment, or otherwise, that is invalidated, and that where the lien is obtained more than four months prior to the filing of the petition, it is not only not to be deemed to be null and void on adjudication, but its validity is recognized. When it is obtained within four months the property is discharged therefrom, but not otherwise. A judgment or decree in enforcement of an otherwise valid pre-existing lien is not the judgment denounced by the statute, which is plainly confined to judgments creating liens. If this were not so the date of the acquisition of a lien by attachment or creditors' bill would be entirely immaterial."

The reasoning of the Supreme Court in the case cited and the citations it contains make it unnecessary to cite other cases.

The decree of the District Court is affirmed.