# JOHN LESLIE PAPER COMPANY v. WHEELER.

### (42 L.R.A.(N.S.) 292, 137 N. W. 412.)

**Bankruptcy — discharge of bankrupt — such discharge does not affect vested liens.**

    1. A discharge in bankruptcy leaves intact all liens except those specially stricken down by the bankruptcy act, the effect of a discharge being to release the personal liability only. Such discharge does not affect vested liens upon property acquired more than four months prior to the proceedings in bankruptcy, and the same may be enforced after a discharge is granted.

**Bankruptcy — discharge of bankrupt — cancelation and satisfaction of judgment.**

    2. Chapter 125, Session Laws 1905, construed and *held* that the legislative intent in the enactment thereof was merely to authorize the cancelation and

---

Note.—In harmony with the above case, it has been almost universally held, as shown by the note thereto as reported in 42 L.R.A.(N.S.) 292, that real property liens existing for a proper length of time before the adjudication in bankruptcy are not affected by a discharge in such proceeding.

On the question whether or not a judgment on an antecedent debt constitutes a lien on property to which exemption law has attached in the meantime, see note in 37 L.R.A.(N.S.) 156.

satisfaction of record of such judgments only as are affected by the discharge in bankruptcy. The legislative purpose was merely to give record notice that judgments extinguished by the bankruptcy proceedings no longer have any vitality to attach as liens to real estate subsequently acquired.

**Homestead — real estate not subject to judgments — process.**

3. Whether the lots described were and are defendant's homestead, and therefore not subject to the lien of plaintiff's judgment, must be determined in an appropriate action, and not on motion by affidavits.

Opinion filed June 28, 1912.

Appeal from District Court, Grand Forks county; *Charles F. Templeton,* J.

From an order directing the cancelation of a judgment against defendant and owned by plaintiff, the latter appeals.

Reversed.

*W. J. Mayer,* of Grand Forks, for appellant.

No appearance by respondent.

Fisk, J. This is an appeal from an order of the district court of Grand Forks county entered September 7, 1910, directing the cancelation and satisfaction of record of the judgment hereafter referred to. Respondent makes no appearance and has filed no brief.

Appellant's statement of facts is, we think, a fair and correct statement. It is as follows:

"On the 5th day of December, 1902, George A. Wheeler, Sr., died leaving a will by which he bequeathed lots 8, 9, 10, and 11 of Westerman's & Sheehan's Ad. to the city of Grand Forks, county of Grand Forks, state of North Dakota, to his wife, Ellen M. Wheeler, for life, remainder to George A. Wheeler, Jr., the defendant in this action.

"On the 4th day of June, 1908, plaintiff recovered a judgment in the above-entitled action against the said George A. Wheeler, Jr., for the sum of $348.44, which judgment was duly entered and docketed on that day, and, until the time of the making and entry of the order from which this appeal is taken, remained of record and undischarged; during all of this period Ellen M. Wheeler resided upon said lots.

"On the 18th day of February, 1909, respondent was adjudged a bankrupt, and on the 21st day of May, 1909, was discharged from all

debts provable in bankruptcy which existed on the 19th day of February, 1909.

"In June, 1910, defendant made a motion in the district court of Grand Forks county in the original action brought by appellant as hereinbefore referred to, to vacate and set aside the judgment therein, resting his claim to such relief upon chapter 125 of the Laws of 1905.

"This motion was resisted by the plaintiff, who appeared, and by affidavit set up the facts as hereinbefore stated.

"An issue was also raised by the affidavits offered by respective parties as to the value of the land, it appearing from appellant's affidavit that the land was worth in excess of $5,000 and by the affidavits of respondent that it was worth less than that amount.

"It also appears from the affidavit offered by appellant that Ellen M. Wheeler, owner of the life estate, was entitled to the possession under the will when the judgment was docketed, while from the affidavits of respondent it might be understood that respondent was in joint possession with her at that time, with her permission, under some kind of an agreement which does not clearly appear."

Appellant makes the following contents in its printed brief:

"1st. That chapter 125 of the Laws of 1905 was never intended to enlarge the relief granted by the Federal bankruptcy statute, but was simply intended to provide a means to show by the court records what has already been accomplished.

"2d. That the question as to whether or not appellant has a lien upon specific real property of the respondent by virtue of its judgment is not a proper question to be litigated upon affidavits.

"3d. That even though it were conceded to be proper for the court to try an issue of this kind upon affidavits, the court must find as a matter of law that a lien existed upon respondent's vested remainder in the several lots described, by virtue of the judgment at the time the proceedings to vacate were instituted."

We are agreed that the first two contentions are sound, and that the order appealed from must be reversed, and will briefly give our reasons therefor.

We take it to be well settled that a discharge in bankruptcy leaves intact all liens except those specially stricken down by the bankruptcy act. As stated in 2 Loveland on Bankruptcy 4th ed. § 749: "The

effect of a discharge is to release the personal liability only. It does not affect liens upon his property. If they are valid, under the laws of the state and bankrupt act, they may be enforced after a discharge is granted. Thus a judgment which has become a valid lien on property will continue to be so, . . . but if the judgment is merely a personal liability it is released by a discharge." Among the numerous authorities cited in the foregoing section are Paxton v. Scott, 66 Neb. 385, 92 N. W. 611, 10 Am. Bankr. Rep. 80; Powers Dry Goods Co. v. Nelson, 10 N. D. 580, 58 L.R.A. 770, 88 N. W. 703; Woods v. Klein, 223 Pa. 256, 72 Atl. 523.

In the first case cited it is, among other things, said: "The effect of the discharge is personal to the bankrupt, and it does not affect any lawful lien, charge, or encumbrance existing on his property, but judgment may be specially entered thereon in rem. . . . The bankruptcy law was carefully designed to save all liens against property from being affected by the discharge, and its terms seem ample for that purpose."

In Woods v. Klein, supra, it was said: "No provision of the bankrupt act contemplates that a valid lien, acquired more than four months before the filing of a petition in bankruptcy, shall be vacated by the bankruptcy proceedings, or that the enforcement of such a lien by execution shall constitute an illegal preference. Owen v. Brown, 57 C. C. A. 180, 120 Fed. 812. There is a clear distinction between the bald creation of a lien within the four months and the enforcement of one previously acquired. Thompson v. Fairbanks, 196 U. S. 516, 49 L. ed. 577, 25 Sup. Ct. Rep. 306. The lien that is invalidated by the bankrupt act is one created by a levy, judgment, attachment, or otherwise, within four months. Where the lien is obtained more than four months prior to the institution of the bankruptcy proceedings, it is not only not to be deemed null and void on an adjudication of bankruptcy, but its validity is recognized."

If the foregoing authorities are sound, and we think they are, it follows that, if the judgment in question was a lien upon any real property of respondent, that such lien is in no way affected by the discharge in bankruptcy, and appellant is entitled to enforce such lien in so far as the proceedings in bankruptcy court are concerned.

But the learned trial court, in making the order complained of, no doubt construed chapter 125, Session Laws of 1905, as authorizing the

cancelation of such judgment. In this we think there was error. As we construe said chapter the legislative intent merely was to authorize the cancelation and satisfaction of record of such judgments only as are affected by the discharge in bankruptcy. It is true that the language of such statute, if literally construed, would support the trial court's interpretation. Sec. 1 of such act provides: "Any person discharged by his debts pursuant to the act of Congress known as 'An Act to Establish a Uniform System of Bankruptcy throughout the United States,' approved July 1, 1898 [30 Stat. at L. 544, chap. 541, U. S. Comp. Stat. 1901, p. 3418] may, at any time, after obtaining such discharge in bankruptcy, file in the office of the clerk of any court of record in which a judgment shall have been rendered, or a transcript thereof filed against him, a certified copy of such discharge in bankruptcy, and may make application to the judge of such court for a discharge of such judgment from record; and, if it shall appear to the court that the applicant has thus been discharged from the payment of such judgment, the court may order and direct that such judgment be discharged and satisfied of record; and, when such order is filed in the office of the clerk of such court, the said clerk shall immediately enter a satisfaction of such judgment upon his records; provided, however, that no such application shall be made, or order granted, except upon thirty days' notice to the judgment creditor whose judgment is sought thereby to be satisfied of record, or his executors, administrators, or assigns, served in the manner provided for the service of notices in civil actions; or, in case such judgment creditor or his executors, administrators, or assigns shall not reside within the state of North Dakota, in such manner as the court shall provide by order; provided, further, that nothing in this act shall be construed to apply to judgments not listed among the liabilities of the bankrupt in his petition in bankruptcy under said act of Congress." But we are agreed that the legislative intent, in enacting such statute, was merely to give record notice that judgments extinguished by the bankruptcy proceedings no longer have the vitality to attach as liens to real estate subsequently acquired. Any other construction would convict the legislature of an attempt to destroy vested rights in property without providing for compensation, for it must be conceded that if such judgment was a lien on any real property of respondent, such lien created a vested right in appellant.

23 N. D.—31.

That such judgment was a lien upon respondent's interest in the lots described is, we think, apparent, unless said property, at the date the judgment was docketed and since, constituted respondent's homestead, and therefore was exempt from judgment liens.

Sec. 7082, Revised Codes of 1905, provides that the docketing of a judgment in the district court creates a lien on all the real property, except the homestead, in the county where the same is so docketed, of every person against whom any such judgment shall be rendered. Respondent, through his father's will, was vested with a title to these lots, subject to a life estate in his mother. Such interest created in respondent a vested remainder, constituting him the owner of real property within the meaning of § 7082, supra, and the judgment attached as a lien thereon unless, as before stated, the same constituted his homestead. Revised Codes 1905, §§ 4769, 4725, and 4729; 17 Am. & Eng. Enc. Law, 2d ed. 783, and cases cited.

Whether respondent could base his homestead right upon such vested remainder we need not here determine, for the obvious reason that the homestead character of real property cannot be determined on affidavits. But see 21 Cyc. 503, and cases cited. Appellant is clearly entitled to have such question tested and determined by an action in court. His remedy is pointed out in the recent case of Klemmens v. First Nat. Bank, 22 N. D. 304, 133 N. W. 1044.

The order appealed from is reversed, and the District Court is directed to reinstate such judgment.