# IVAR A. OLSEN v. OLE N. NELSON.[1]

## April 24, 1914.

## Nos. 18,596—(136).

**Bankruptcy — action to cancel judgment.**

1. Where, in an action by a judgment debtor against the judgment creditor for cancelation and satisfaction of the judgment of record, on the ground of plaintiff's discharge in bankruptcy after rendition and docketing of the judgment, it developed that the judgment might be a lien on property owned by one not a party, it was error for the court to determine the issue thus presented and to order absolute satisfaction of the judgment of record, whether the action be considered as such or as a motion under G. S. 1913, § 7914.

**Proper procedure.**

2. The proper order in such case indicated.

[1] Reported in 146 N. W. 1097.

Action in the district court for Hennepin county to cancel and discharge of record a certain judgment against plaintiff. The facts are stated in the opinion. The case was tried before Steele, J., who made findings in favor of plaintiff. From an order denying defendant's motion for a new trial, he appealed. Modified.

*Everett Moon,* for appellant.

*Robert R. Odell,* for respondent.

PHILIP E. BROWN, J.

Action to satisfy of record a judgment rendered against plaintiff prior to his being adjudged a bankrupt, on the ground of his subsequent discharge. Defendant answered, claiming the judgment to be a lien on certain lands alleged to have been acquired and conveyed by plaintiff before the adjudication referred to, but while the judgment was in force. The court found against the claim of ownership, determined the judgment had never become a lien, and directed the clerk to discharge it of record. Defendant, after refusal of the court to amend the findings, appealed from an order denying a new trial.

The judgment in question was rendered and docketed in Hennepin county on August 31, 1910. On September 1, 1911, a warranty deed was recorded in the register of deeds' office for the same county, in terms conveying the lands described in the answer to plaintiff. On the following day a warranty deed was recorded in the same office, in terms conveying this land from plaintiff to one Wheeler, who has since remained its owner. On October 12, 1911, plaintiff was adjudged a bankrupt, and he obtained his discharge on February 3, 1912. The judgment against plaintiff was duly listed in the bankruptcy proceedings and defendant duly notified. The land, however, was not included in plaintiff's schedule of assets, was unoccupied, and never came under control of the trustee in bankruptcy; nor was the judgment presented or proven in the bankruptcy proceedings.

On the trial the court, over defendant's objection, received evidence on plaintiff's part tending to show that the deed to plaintiff was never delivered to him, that he never had any beneficial interest in the property described therein, and that this deed and the one from him to Wheeler were executed to enable plaintiff to obtain a

broker's commission; both being in fact deposited in escrow and thereafter delivered by the custodian directly to Wheeler.

The main question involved is: Was plaintiff entitled, under the facts so appearing, to have the judgment absolutely satisfied of record? And this involves the further inquiry as to the court's power to determine in this action whether plaintiff ever acquired any interest in the land to which defendant's judgment attached as a lien.

As a preliminary to consideration of the question, it is necessary to have in mind the status of liens as affected by proceedings in bankruptcy; excluding, however, liens specially annulled by the bankruptcy act, with which we have no present concern, the alleged lien involved not being of such character. The general rule is that liens are not affected by the act, but remain untouched by the bankrupt's discharge. Collier, Bankruptcy, (9th ed.) 362. Neither is a judgment evidencing a lien annulled or extinguished except in so far as it imposes a personal liability upon the bankrupt, the discharge being personal to the debtor. Gregory Co. v. Cale, 115 Minn. 508, 133 N. W. 75, 37 L.R.A.(N.S.) 156; Leslie Paper Co. v. Wheeler, 23 N. D. 477, 137 N. W. 412, 42 L.R.A.(N.S.) 292; Collier, Bankruptcy (9th ed.) 362. Since, therefore, the rendition and docketing of defendant's judgment prior to plaintiff's adjudication in bankruptcy and its validity under the act was established, this case must of necessity turn upon the question above stated.

True it is that the sufficiency of the complaint as stating any equitable grounds for relief or cause of action seems doubtful; the allegations being merely the rendition and docketing of the judgment, plaintiff's adjudication, surrender of his property, and discharge in bankruptcy, and that no execution was ever issued on the judgment. Defendant, however, makes no point in this regard. Furthermore, in the view we take of the case, no such point need be determined, for even should the complaint be held insufficient in the respects referred to, the action may be treated as a motion under G. S. 1913, § 7914, which reads as follows:

"Any person discharged from his debts pursuant to the act of Congress known as 'An act to establish a uniform system of bankruptcy throughout the United States, approved July first, eighteen

hundred and ninety-eight,' and all amendments thereto, may, after the expiration of one year from the date of such discharge, apply to any court of record in which a judgment shall have been rendered or a transcript thereof filed against him, for the discharge thereof from record, and if it shall appear to the court that he has thus been discharged from the payment of such judgment, the court may order and direct that such judgment be discharged and satisfied of record, and thereupon the clerk of such court shall enter a satisfaction thereof; provided, however, that no such application shall be made or order granted except upon ten days' notice of such application to the judgment creditor whose judgment is sought thereby to be satisfied of record, his executors, administrators or assigns, served in the manner provided for the service of notices in civil actions, or in case such creditor, or his executors, administrators or assigns, shall not reside within the state of Minnesota, in such manner as the court shall provide by order; provided, further, that nothing in this act shall be construed to apply to judgments not listed among the liabilities of the bankrupt in his petition to be adjudged a bankrupt under the act of July first, eighteen hundred ninety-eight and all amendments thereto."

It will be noted that by the terms of the statute a motion thereunder cannot be made until the expiration of one year from the date of the bankrupt's discharge, and it appears from the return on this appeal that the action was commenced within the year; but the complaint was amended after the period of limitation upon a motion had run. The action may, therefore, be viewed as such or as a statutory motion. Arne v. Holland, 85 Minn. 401, 404, 89 N. W. 3. Considered as the former, however, it cannot be held broader—the judgment debtor and creditor being the only parties—than a statutory motion; for under the latter the court, in its discretion, might have heard oral evidence to the same extent as in the former. Dunnell, Minn. Prac. § 2068. In short the case stands as if plaintiff had proceeded against defendant by motion and the court had, as it might do (Woodford v. Reynolds, 36 Minn. 155, 30 N. W. 757), relegated the parties to an action, but plaintiff, pursuant thereto, had neither enlarged the issues nor made the owner of the property claimed to be affected by the lien a party defendant.

125 M.—19.

Coming now to the main ground of attack upon the lower court's order, we will first consider whether such order can be sustained under the statute, which requires some analysis thereof. Clearly it was not intended the order thereby provided for should release a debtor from personal liability under a judgment rendered prior to his discharge, for such is accomplished by the discharge itself. The statutory objective, therefore, must be to clear up the record by making it show upon its face that the judgment no longer attaches as a lien on real estate subsequently acquired and constitutes no personal liability against the debtor, all for his benefit but not in prejudice to any claim of lien on behalf of the judgment creditor theretofore acquired. Reading the statute literally, it might seem to authorize the court to order satisfaction of the judgment absolutely, without regard to its being a lien; but it cannot be given such broad construction, for, as pointed out by Mr. Justice Fisk, in Leslie Paper Co. v. Wheeler, supra, in construing a similar statute, the effect would be to destroy a vested property right in nowise affected by the bankruptcy act, or, we may add, if the statute be taken as authorizing an order for absolute discharge which is to be construed less comprehensively than its terms imply and as not affecting vested rights or liens, then the judgment record would be left ambiguous and misleading, an unnecessary and undesirable result manifestly contrary to the statutory intent. If, therefore, we regard the application in the instant case as a motion, our conclusion is that when it developed the judgment might be a lien on property owned by one not a party, the court should have declined to go into such matter, wherefore its action to the contrary and its conclusions of law were erroneous. Manifestly it would be unjust to compel defendant to litigate the existence of an alleged lien when, if he prevailed on such issue, no substantial relief could be awarded him.

Regarding plaintiff's application as an action, we are led to the same result. *Prima facie* defendant's judgment was a lien, and any decree pronounced therein should ascertain and determine all rights and conflicting relations, to the end that all questions relating to the subject-matter be settled. Controversies should not be determined by piecemeal when readily presentable in entirety, and such can be

avoided only when all parties affected are before the court. The conclusion reached below involved the question of whether plaintiff, while a judgment against him was in force, acquired title to real property now owned by another, and whether this judgment attached thereto as a lien. These questions could not properly be adjudicated in an action to which the present owner of the property was not a party. American Agricultural Chemical Co. v. Huntington, 99 Me. 361, 59 Atl. 515.

Defendant's claim that we should consider his right of lien as established by the testimony, cannot be sustained, for the reason, among others, that the same considerations precluding an absolute cancelation of the judgment of record militate with equal force against the establishment of the lien.

Following the New York practice as indicated in Pickert v. Eaton, 81 App. Div. 423, 424, 81 N. Y. Supp. 50, the court below should strike out the third finding of fact and its conclusions of law, and substitute for the latter the following: That the said judgment be discharged and satisfied of record; such discharge and satisfaction, however, is not to impair any rights or lien which defendant may have acquired in or against the property of plaintiff, the judgment debtor, prior to the discharge in bankruptcy, and the clerk should be directed to limit the entry of satisfaction accordingly. With such modification the order appealed from will stand affirmed.