**TRIANGLE REFINERIES, INC., Appellant,**

v.

**Roger O. BRUA, Respondent.**

**No. C2–84–1143.**

Court of Appeals of Minnesota.

March 26, 1985.

Sahr, Kunert & Tambornino, Jayne L. Kuhar, Thomas H. McNeill, Minneapolis, for appellant.

Peterson, Hanson, Schlichting & Davies, Richard N. Davies, Albert Lea, for respondent.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant Triangle Refineries, Inc. appeals from the trial court's order dated May 16, 1984, granting respondent Roger Brua's motion for a discharge and satisfaction of record of Triangle's judgment pursuant to Minn.Stat. § 548.18 (1982). We affirm as modified.

## FACTS

On April 27, 1982, a judgment, pursuant to a confession of judgment signed by Brua, was entered in favor of Triangle in the amount of $19,310.41 for products sold in November and December 1981. Triangle's judgment was docketed in Freeborn county on April 27, 1982, thus creating "a lien, in the amount unpaid, upon all real property in the county then or thereafter owned by the judgment debtor." Minn. Stat. § 548.09, subd. 1 (1984). Brua owned his homestead and a one-third interest in two gas stations in Freeborn County at the time of the entry of judgment.

On September 30, 1982, Brua filed a Chapter 7 bankruptcy. He listed the debt to Triangle as an unsecured claim without priority. A discharge of all debts was granted on January 27, 1983.

In April 1984, Brua requested an order from the trial court removing Triangle's judgment from the record because of the 1983 discharge in bankruptcy. By order dated May 16, 1984, the trial court ordered Triangle's judgment discharged and satisfied of record.

## ISSUE

Whether Triangle's judgment was properly released by reason of the discharge of Brua's debt in bankruptcy?

## ANALYSIS

The trial court discharged and satisfied Triangle's judgment pursuant to Minn.Stat. § 548.18 (1982), which provides in part:

Any person discharged from his debts pursuant to the [Bankruptcy Code] may,

after the expiration of one year from the date of such discharge, apply to any court of record in which a judgment shall have been rendered or a transcript thereof filed against him, for the discharge thereof from record, and if it shall appear to the court that he has thus been discharged from the payment of such judgment, the court may order and direct that such judgment be discharged and satisfied of record, and thereupon the clerk of such court shall enter a satisfaction thereof. * * * Nothing in this section shall be construed to apply to judgments not listed among the liabilities of the bankrupt in his petition to be adjudged a bankrupt under the [Bankruptcy Code].

*Id.*

■ Section 548.18 was designed to allow discharged bankrupts to "clear up the record by making it show upon its face that the judgment no longer attaches as a lien on real estate subsequently acquired and constitutes no personal liability against the debtor * * *." *Olsen v. Nelson,* 125 Minn. 286, 290, 146 N.W. 1097, 1099 (1914). The general rule is that a discharge in bankruptcy releases the bankrupt from personal liability, but it does not annul a lien obtained from a judgment and which attached to property prior to bankruptcy. *Id.* at 288, 146 N.W. at 1098; *see* 11 U.S.C.A. § 544 (1979). A discharge in bankruptcy:

voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged * * *.

11 U.S.C.A. § 524(a)(1) (1979); *see Wallace T. Bruce, Inc. v. Najarian,* 249 Minn. 99, 112, 81 N.W.2d 282, 295 (1957); *H.E. Westerman Lumber Co. v. Raschke,* 172 Minn. 198, 199, 215 N.W. 197, 198 (1927). After a discharge, however, the judgment cannot constitute a lien on after-acquired property. *Bank of New York v. Nies,* 96 A.D.2d 166, 172, 468 N.Y.S.2d 278, 282 (N.Y.App.Div. 1983).

In *Olsen,* the supreme court confirmed that section 548.18 was not intended to affect vested rights or liens:

Reading the statute literally, it might seem to authorize the court to order satisfaction of the judgment absolutely, without regard to its being a lien; but it cannot be given such broad construction, for * * * the effect would be to destroy a vested property right in nowise affected by the bankruptcy act, or, we may add, if the statute be taken as authorizing an order for absolute discharge which is to be construed less comprehensively than its terms imply and as not affecting vested rights or liens, then the judgment record would be left ambiguous and misleading—an unnecessary and undesirable result, manifestly contrary to the statutory intent.

*Olsen,* 125 Minn. at 290, 146 N.W. at 1099. The discharge of Brua's debt only wiped out Triangle's right against Brua personally. Triangle may still resort to the property subject to the liens. Other jurisdictions are in accord with *Olsen. See Rochelle State Bank v. Gavic,* 70 Ill.App.3d 42, 43, 26 Ill.Dec. 721, 726, 388 N.E.2d 436, 438 (1979) (a discharge "does not preclude the enforcement of a lien under the judgment which is recognized as valid under state law and is not invalidated by the bankruptcy proceeding"); *see also Albritton v. General Portland Cement Co.,* 344 So.2d 574, 576 (Fla.1977) (nothing in statute authorizes the invalidation of liens which survive bankruptcy, to the extent there existed property subject to lien when the petition was filed); *Ducker v. Standard Supply Co.,* 280 S.C. 157, 311 S.E.2d 728 (S.C.1984).

■ Even though Triangle's debt was listed among the unsecured creditors, Brua's discharge did not affect the enforceability of Triangle's lien obtained prior to the bankruptcy petition. *See Albritton v. General Portland Cement Co.; Rochelle State Bank v. Gavic; Everidge v. American Security Corp.,* 464 N.E.2d 374 (Ind. App.1984).

■ However, a judgment lien could not attach to Brua's residence because home-

stead property is exempt from seizure or sale. Minn.Stat. § 510.01 (1982). As to Brua's interest in the two filling stations, the record is incomplete as to whether the two parcels are exempt, although Brua so argues in his brief. If they are exempt, the liens never attached and were destroyed by virtue of Brua's discharge. If not, the liens attached prior to the filing of his petition and survived the discharge in bankruptcy.

## DECISION

Brua's discharge in bankruptcy does not impair liens which Triangle acquired prior thereto on non-exempt property. The trial court is directed to conduct further proceedings to determine the exempt status of Brua's interest in the two filling stations and shall then, if necessary, direct the clerk of district court of Freeborn county to limit the entry of satisfaction of judgment in accordance with this decision.

Affirmed as modified.