**In re Harold J. FISCHER and Margaret Ann Fischer, Debtors.**

**Bankruptcy No. 3–85–1833.**

United States Bankruptcy Court, D. Minnesota, Third Division.

Sept. 29, 1988.

Kim A. Shaffer, New Ulm, Minn., for debtors.

James J. Dailey, Mankato, Minn., for Forster Elec., Inc.

## MEMORANDUM TO ORDER DETERMINING EFFECT OF CONFIRMATION OF CHAPTER 11 PLAN ON PRE–PETITION JUDGMENT LIEN

GREGORY F. KISHEL, Bankruptcy Judge.

This Memorandum is entered to set forth the findings of fact and conclusions of law upon which the Court bases the Order of this date.

Debtors, who were Brown County, Minnesota farmers, filed a voluntary petition under Chapter 11 of the Bankruptcy Code in this Court on August 13, 1985. Forster Electric, Inc. ("Forster Electric") held a pre-petition judgment against Debtors, apparently entered in Brown County District Court on May 17, 1985, in the amount of $5,500.00. In their Schedule A–3 entry for Forster Electric's claim, Debtors acknowledged the existence of the judgment; however, they scheduled the debt as unsecured. In his moving documents and at hearing, Debtors' counsel acknowledged that a judgment lien under MINN.STAT. § 548.09 attached to Debtors' real estate when the judgment was docketed.

On December 6, 1985, this Court (Connelly, C.J.) confirmed Debtors' Second Amended Plan of Reorganization. Under the plan, Debtors established four classes of secured creditors holding secured claims under pre-petition consensual transactions, and Class VII, consisting of "the claims of unsecured creditors without priority total-

ing approximately $53,000.00." The plan provided that unsecured claims would receive no payment and would be discharged in their entirety.[1]

█ After this case was closed, Debtors commenced proceedings under MINN. STAT. § 548.181 in Brown County District Court, seeking an order discharging the judgments of Forster Electric and another judgment creditor. That Court (Kelly, J.) apparently concluded[2] that the Minnesota statute and *Triangle Refineries, Inc. v. Brua*, 364 N.W.2d 863 (Minn.App.1985) supported a grant of relief to Debtors only to the extent of a release of Forster Electric's judgment lien against their exempt homestead real estate, and prohibited any release of the lien as to non-exempt real estate.

Debtors now argue that this Court's confirmation order operated to release or avoid Forster Electric's judgment lien as against *all* of their real estate, and that they are entitled to an order of this Court mandating Forster Electric to satisfy its judgment of record. Forster Electric argues that Judge Kelly properly applied Minnesota law, and that its judgment lien still attaches to Debtors' non-exempt real estate.

Curiously, both counsel are technically correct—but only Debtors' counsel prevails. Judge Kelly did correctly apply MINN.STAT. § 548.181 subd. 4 in concluding that, on its face, the Minnesota statute did not permit the post-bankruptcy discharge of a judgment lien as to non-exempt real estate. The issue presented to this

Court, however, is one of federal bankruptcy law—the application of which leads to the opposite result.

*In re Arctic Enterprises, Inc.*, 68 B.R. 71 (D.Minn.1986) (MacLaughlin, J.), mandates the conclusion that Forster Electric's judgment lien, to the extent that it attached to and encumbered any of Debtors' real estate,[3] was rendered null and void by this Court's confirmation of Debtors' Chapter 11 plan. In all material respects, *Arctic Enterprises* involved the same situation as at bar: the debtor there had scheduled a creditor as holding an unsecured claim and then proposed a plan treating the creditor's claim as unsecured; the creditor received notice of the plan and the confirmation proceedings, and did not object to confirmation; and only after confirmation did the creditor attempt to assert and enforce a pre-petition security interest in certain personalty of the debtor. Judge MacLaughlin concluded that the provisions of 11 U.S.C. § 1141(b)–(c), which provide that confirmation of a Chapter 11 plan re-vests all property of the estate in the debtor, "free and clear of all claims and interests of creditors," "except as otherwise provided in the plan or the order confirming the plan," operate to extinguish liens not expressly preserved by the plan. 68 B.R. at 78. Accordingly, he affirmed the Bankruptcy Court's determination that the creditor was bound by the plan and no longer held rights in its pre-petition security. 68 B.R. at 80. *Arctic Enterprises* is directly on point,[4] and fully supports this Court's con-

---

1. Judge Connelly confirmed the plan some time before the Supreme Court's decision in *In re Ahlers*, —— U.S. ——, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988), which would have dictated the opposite result had a Class VII creditor objected to confirmation. No such creditor objected. No one appealed the confirmation order. No creditor sought revocation of confirmation within the 180–day period established by 11 U.S.C. § 1144. Debtors substantially consummated the plan, and on April 1, 1987, this Court entered an Order and Final Decree closing this case. At this point, it is not open to Forster Electric to collaterally attack the plan's provision for treatment of its debt. *Lindsey v. Ipock*, 732 F.2d 619, 622 (8th Cir.1984).

2. Neither party placed Judge Kelly's order into the record for this motion.

3. Both parties to this motion implicitly acknowledge that all of Debtors' real estate was overencumbered as of the commencement of this case, in that the amount of debt secured by consensual pre-petition mortgages against it exceeded its value. Forster Electric's judgment lien only nominally attached to Debtors' interest in the real estate, without affixing to any actual value. Enforcement of it would have been of actual benefit to Forster Electric only if Debtors had later reduced the debt secured by the senior mortgages.

4. The fact that the matter at bar involves a pre-petition judicial lien against real estate, as opposed to the pre-petition consensual lien against personalty in *Arctic Enterprises*, does not affect the substantive result under 11 U.S.C. § 1141.

 

clusion that Forster Electric no longer holds a judgment lien against any of Debtors' real estate.

Forster Electric's citation of *Triangle Refineries, Inc., v. Brua* is inapposite. The *Triangle Refineries* Court applied the longstanding generalized principle that pre-petition liens survive discharge in bankruptcy[5]—but it did so in the context of proceedings applying the former language of MINN.STAT. § 548.18 (repealed 1987, and replaced by MINN.STAT. § 548.181), and did so in a post-discharge state-court proceeding initiated by a *Chapter 7* debtor. As noted in *Arctic Enterprises,* the generalized rule that liens survive bankruptcy discharge is qualified in the context of a Chapter 11 case. There, the Bankruptcy Code allows the debtor to use the reorganization plan as a comprehensive and integrated restructuring of all creditors' claims and security rights, which may include the divestment of pre-petition liens subject only to the "cramdown" provisions of 11 U.S.C. §§ 1129(b)(2)(A).[6] Further, the substantive discharge provisions of Chapter 11 permit the debtor to accomplish extinguishment of pre-petition liens via confirmation of a plan which contains provisions toward that end, or which simply fails to provide for the survival of the liens. 68 B.R. at 80.

Thus, Debtors are entitled to relief in the form of a determination that they now hold all of their real estate free and clear of Forster Electric's judgment lien. This conclusion having been reached, it is neither necessary nor appropriate that the Court grant Debtors' motion for an order requiring Forster Electric to formally satisfy or release its judgment and/or its remaining judgment lien. For title purposes, the Court's order should be sufficient to remove any impediment of record. In any event, imposing the burden of taking affirmative steps to expunge a pre-petition lien from the record is a remedy which should have been addressed in the plan.[7]

---

5. Known in bankruptcy parlance as "the rule of *Long v. Bullard,*" 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886).

6. Because Forster Electric never objected to confirmation, Debtors never had to invoke cramdown. Debtors might have been able to effect cramdown of their proposeed treatment of Forster Electric under § 1129(b)(2)(A)(iii), in view of the lack of value of Forster Electric's judgment lien under 11 U.S.C. § 506(a)—but this issue is not before the Court and need not be decided.

7. By this point, it is almost superfluous to say that more careful and explicit drafting in the plan's treatment of Class VII judgment creditors would have wholly prevented the present imbroglio.