Steven HENTGES, et al., petitioners, Appellants,

v.

P.H. FEELY & SON, INC., O'Connell Oil Co., Wm. H. McCoy, et al., Ervin J. Bendzick, et al., Meshbesher, Singer and Spence, Ltd., Respondents.

David RUTT, petitioner, Respondent,

v.

BENDZICK MACHINE, et al., Lower Court Respondents,

P.H. Feely & Son, Appellant.

Nos. C8-88-944, C7-88-1308.

Court of Appeals of Minnesota.

March 7, 1989.

Review Denied April 26, 1989.

Patti J. Sullivan, Price & Associates, Ltd., New Brighton, for Steven Hentges, et al.

Ernest Darflinger, McBrien & Darflinger, Farmington, for P.H. Feely & Son, Inc.

James Anderson, Anderson Law Office, LeSueur, for O'Connell Oil Co.

Thomas Racette, Davis & Racette, St. Louis Park, for Wm. H. McCoy, et al.

Robert O'Neill, O'Neill, Traxler & Zard, New Prague, for Ervin J. Bendzick, et al.

James Gilbert, Meshbesher, Singer & Spence, Minneapolis, for Meshbesher, Singer and Spence, Ltd.

Daniel J. Boivin, Meshbesher, Singer & Spence, Minneapolis, for David Rutt.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and MULALLY,* JJ.

## OPINION

EDWARD D. MULALLY, Judge.

This consolidated appeal involves two actions to set aside judgment liens in Scott County District Court pursuant to Minn. Stat. § 548.181. Because the relevant facts of each case are unrelated, each appeal is addressed separately.

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## CASE NO. C8–88–944
### FACTS

Between October 12, 1982 and March 10, 1983, respondents had docketed five judgments against Peter Rutt. When docketed, the judgments created "a lien, in the amount unpaid, upon all real property in the county then or thereafter owned by the judgment debtor[.]" Minn.Stat. § 548.09, subd. 1 (1982). Rutt was the record owner of property located in Scott County, Minnesota at the time the judgments were docketed. However, Steven and Jeanette Hentges, appellants, had occupied said premises since August 1979. Appellants had purchased the property from Rutt under a contract for deed in July 1979. Appellants did not record the contract for deed until April 1983. It was also in April 1983 that Rutt executed a quit claim deed to the property in favor of appellants. Prior to July 1979, Rutt and his wife owned and occupied the property as their homestead.

On January 10, 1985, Rutt filed for relief in United States Bankruptcy Court. Rutt's discharge in bankruptcy was ordered on April 15, 1985.

Appellants discovered respondents' judgments in May 1987 when they attempted to refinance their house. On November 16, 1987, appellants requested an order from the trial court removing respondents' judgments from the record because of Rutt's 1985 discharge in bankruptcy. Without explanation, appellants' request was denied by the trial court by order dated April 4, 1988.

### ISSUE

Did the trial court err in refusing to order discharge of respondents' judgment liens?

### ANALYSIS

Minn.Stat. § 548.181, subd. 4 (Supp.1987) provides:

> If a judgment creditor objects to the discharge of a judgment, on motion of the judgment debtor, the judgment creditor, or other interested party, the court shall order the judgment discharged except to the extent that: (1) the debt represented by the judgment was not discharged by the bankruptcy discharge; or (2) the judgment was an enforceable lien on real property when the bankruptcy discharge was entered. * * *

The central question in this appeal is whether respondents' judgments were enforceable liens on the real property when Rutt's bankruptcy discharge was entered.

Appellants argue that the property against which respondents' judgment liens applied was exempt from seizure or sale pursuant to Minn.Stat. § 510.01 (1986) at the time of Rutt's bankruptcy and that accordingly, the liens were not properly enforceable within the terms of section 548.181, subd. 4. Section 510.01 provides:

> The house owned and occupied by a debtor as the debtor's dwelling place, together with the land upon which it is situated to the amount hereinafter limited and defined, shall constitute the homestead of such debtor and the debtor's family, and be exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing * * *.

In *Triangle Refineries, Inc. v. Brua*, 364 N.W.2d 863 (Minn.Ct.App.1985), this court discussed the degree to which a discharge in bankruptcy releases a prior judgment against the bankrupt. Triangle had a judicial lien upon all property owned by Brua, which amounted to his homestead and a one-third interest in two gas stations. Brua's debts were subsequently discharged in bankruptcy and then Brua moved to have Triangle's judgment released pursuant to Minn.Stat. § 548.18 (1982).[1] Upon review of the trial court's decision to grant Brua's motion, this court found that Brua's discharge in bankruptcy released him from personal liability, but did not annul any liens obtained from a judgment and which attached to property prior to bankruptcy. *Id.* at 865. Accordingly, while the discharge of Brua's debt wiped out Triangle's

---

**1.** Minn.Stat. § 548.18 (1982) was replaced by Minn.Stat. § 548.181, quoted in part above.

rights against Brua personally, Triangle was still free to resort to the property subject to the liens. *Id.* This court continued:

> However, a judgment lien could not attach to Brua's residence because homestead property is exempt from seizure or sale. Minn.Stat. § 510.01 (1982). As to Brua's interest in the two filling stations, the record is incomplete as to whether the two parcels are exempt, although Brua so argues in his brief. If they are exempt, the liens never attached and were destroyed by virtue of Brua's discharge. If not, the liens attached prior to the filing of his petition and survived the discharge in bankruptcy.
>
> Brua's discharge in bankruptcy does not impair liens which Triangle acquired prior thereto on non-exempt property.

*Id.* at 865–66.

■ *Triangle* directs us to examine the status of appellants' property at the time respondents' liens were acquired. Although Rutt had declared the property to be his homestead at the time respondents' judgments were entered against him, it is clear that Rutt was not living on the property at that time. Thus, Rutt was not entitled to the homestead exemption in section 510.01. *See Quehl v. Peterson,* 47 Minn. 13, 49 N.W. 390 (1891) (the term "occupied" in section 510.01 means an actual occupancy of the premises and an actual residence thereon as home or dwelling place). Even so, appellants argue that they obtained homestead exemption protection by virtue of Minn.Stat. § 510.07 (1986) at the time they purchased the property under contract for deed from Rutt. Section 510.-07 allows an owner to sell or convey his or her "homestead without subjecting it, or the proceeds of such sale for the period of one year after sale, to any judgment or debt from which it was exempt in the owner's hands."

In *Sisco v. Paulson,* 232 Minn. 250, 45 N.W.2d 385 (1950), an action was brought to discharge a judgment lien upon homestead property formerly owned by Ethel Sisco. The property had been conveyed to Ethel by her mother, Mabel, in 1947. Prior to that time, Paulson had obtained a judgment against Mabel. The issue before the court was whether Ethel, as grantee of the homestead property, acquired title to the property exempt or immune from the claims of the grantor's, Mabel's, creditors. Citing section 510.07, the court ruled that "Mabel had the right to convey her homestead to Ethel without subjecting it to [Paulson's] judgment." *Id.* at 251, 45 N.W. 2d at 386. Continuing, the court stated:

> The grantee of the homestead property acquires the title to the property exempt or immune from the claims of grantor's creditors. If such claims could not have been asserted against the property while the title remained in the grantor, they may not be enforced against the grantee.

*Id.* at 252, 45 N.W.2d at 387.

In this case, Rutt homesteaded the property prior to selling it to appellants, which means that appellants acquired the property free and clear of Rutt's creditors by virtue of section 510.07. Since the property was exempt when appellants acquired the property, which was also before respondents acquired their liens, appellants are entitled to discharge of respondents' liens under section 548.181. *See Triangle,* 364 N.W.2d at 865–66.

■ Nonetheless, respondents claim they are entitled to absolute priority over appellants' interest in the property due to alleged fraud on behalf of appellants. The *Sisco* court specifically addressed this issue:

> Exempt property is not susceptible of fraudulent alienation, and creditors ordinarily have no right to complain of the disposition made of it, since they cannot be prejudiced thereby or claim that it is a fraud upon them.

*Sisco,* 232 Minn. at 251, 45 N.W.2d at 387; *see also Northwest Holding Co. v. Evanson,* 265 Minn. 562, 567, 122 N.W.2d 596, 600 (1963) (conveyance fraudulent as to creditors does not deprive property of homestead exemption); *First National Bank of Mankato v. Wilson,* 234 Minn. 160, 163, 47 N.W.2d 764, 766 (1951) ("a conveyance of the homestead cannot be set aside by creditors as fraudulent, even

though the debtor conveying the property intends thereby to defraud his creditors").

■■■ Finally, respondents argue their judgment liens are enforceable against the property because appellants failed to record the contract until after respondents' judgments were docketed. The law in Minnesota concerning the voidability of unrecorded conveyances of real property is governed by Minn.Stat. § 507.34 (1986), the state recording statute. That section provides:

> Every conveyance of real estate shall be recorded in the office of the county recorder of the county where such real estate is situated; and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same estate * * * whose conveyance is first duly recorded * * *.

Section 507.34 in effect provides that an unrecorded conveyance of an interest in real estate is void against a judgment creditor who acts in good faith. *In re Forbrook Construction, Inc.*, 474 F.Supp. 876, 879 (D.Minn.1979). Section 507.34 does not protect a creditor who has either actual or constructive notice of inconsistent rights of another. *Republic National Life Insurance Co. v. Marquette Bank and Trust Co. of Rochester*, 312 Minn. 162, 165, 251 N.W.2d 120, 122 (1977) (quoting *Bergstrom v. Johnson*, 111 Minn. 247, 250, 126 N.W. 899, 900 (1910)). A judgment creditor is not entitled to the protection afforded by section 507.34 if the creditor possessed knowledge of facts sufficient to have put him on inquiry notice of the conveyance. *Henschke v. Christian*, 228 Minn. 142, 146–47, 36 N.W.2d 547, 550 (1949). Possession by a vendee under a contract for deed operates as full notice of his rights to creditors of the vendor. *Union Investment Co. v. Abell*, 148 Minn. 229, 232, 181 N.W. 353, 355 (Minn.1921).

■■■ Here, the record reveals that appellants occupied and resided on the property for over three years before respondents' judgments were docketed. Such possession provided constructive notice to respondents and therefore respondents are not entitled to priority by virtue of the recording act.

## DECISION

Appellants are entitled to have respondents' liens on their property discharged pursuant to Minn.Stat. § 548.181. Accordingly, the trial court's decision is reversed.

REVERSED.

CASE NO. C7–88–1308

## FACTS

In 1982 and 1983, appellants P.H. Feely & Son, Inc., Bendzick Machine, and Ervin J. Bendzick docketed judgments against respondent David Rutt. The docketed judgments created "a lien, in the amount unpaid, upon all real property in the county then and thereafter owned by the judgment debtor[.]" Minn.Stat. § 548.09, subd. 1 (1982). In August 1983, respondent purchased a home in Shakopee, but he was unable to move into the house until May 1984. Respondent officially commenced homesteading the property on May 28, 1984.

On August 1, 1984, respondent filed for relief in United States Bankruptcy Court. In his petition for bankruptcy, respondent claimed his Shakopee house as exempt homestead property. Appellants never objected to this exemption. Respondent's discharge in bankruptcy was ordered on November 7, 1984.

In March 1988, respondent requested an order from the trial court removing appellants' liens on respondent's Shakopee residence. Respondent's request was granted by the trial court by order dated May 24, 1988.

## ISSUE

■■■ Did the trial court err in ordering discharge of appellants' judicial liens against respondent's property?

## ANALYSIS

The trial court held:

> By failing to object to the homestead exemption under the Chapter 7 bankruptcy proceeding, [appellants] have waived their rights to object at this point and

time. To do otherwise would be to allow a circumvention of the Federal Bankruptcy Laws by State Court action.

The case of *In re Hahn,* 60 B.R. 69 (Bankr. D.Minn.1985) discusses the waiver issue presented here. In his petition for bankruptcy, Hahn claimed an exemption under Minn.Stat. § 510.01 for an interest in his homestead on his schedule B–4. Hahn's creditors failed to object to Hahn's claimed homestead exemption within the 30–day period provided in Bankruptcy Rule 4003(b) [2]. When Hahn moved to avoid his creditors' judicial liens, the court ruled:

> Simply stated, if a judgment lien creditor does not properly litigate a debtor's entitlement to the underlying exemption within the timeframe established under BANKR.R. 4003(b) and LOC.R.BANKR. P. (D.Minn.) 113(b), he is estopped from litigating that issue in the debtor's ensuing motion [to discharge the lien].

*Id.* at 76.

In his bankruptcy proceeding, respondent claimed an exemption under Minn.Stat. § 510.01 for an interest in his homestead on his schedule B–4. Appellants failed to object to respondent's claimed homestead exemption and a certificate of exemption was issued.

Under the authority of *Hahn,* appellants waived their right to contest the legitimacy of respondent's homestead exemption by not so objecting within the time prescribed by the Bankruptcy Rules.

### DECISION

The trial court's order discharging appellants' judicial liens against respondent's property is affirmed.

**AFFIRMED.**

**2.** Rule 4003(b) provides:

> The Trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and the attorney for such person.