2009 OK CIV APP 50

**BANK OF OKLAHOMA,**
**Plaintiff/Appellee,**

v.

**Regina ASHLEY, n/k/a/ Williams,**
**Defendant/Appellant.**

No. 105,270.

Court of Civil Appeals of Oklahoma,
Division No. 4.

April 16, 2009.

to civil forfeiture proceedings; due process is required. *State ex rel. Macy,* 1996 OK 96 at ¶ 15,

925 P.2d at 53.

John W. Mee, III, Joshua C. Greenhaw, Mee, Mee, Hoge & Epperson, PLLP, Oklahoma City, OK, for Plaintiff/Appellee.

Jerry D. Brown, Jerry D. Brown, Oklahoma City, OK, and Vicky J. Allen, Vicky J. Allen, PLLC, Guthrie, OK, for Defendant/Appellant.

DOUG GABBARD II, Presiding Judge.

¶1 Defendant, Regina Ashley n/k/a Williams, appeals from the trial court's denial of her motion to release a judgment lien held by Plaintiff, Bank of Oklahoma (Bank). At issue is a question of first impression: Does a pre-existing judgment lien on a debtor's real property survive a bankruptcy discharge in light of 12 O.S.2001 § 706(E)(2)? We find that it does and affirm.

### FACTS

¶2 The essential facts are undisputed: In 2002, Bank filed a lawsuit against Defendant

to collect an indebtedness.[1] In 2003, Bank obtained a default judgment, recorded it in Oklahoma County, and properly perfected a judgment lien on Defendant's real property. In 2007, Bank renewed the judgment. Indisputably, Bank's judgment lien attached to a tract of realty which Defendant owned in joint tenancy and which was not her homestead.

¶3 Thereafter, Defendant and her husband filed for Chapter 7 protection under the U.S. Bankruptcy Code and listed Bank as a creditor. Bank did not contest this filing. Defendant eventually obtained a Chapter 7 discharge.

¶4 After the discharge, Defendant filed an action seeking the release of Bank's judgment lien on her realty. She relied upon 12 O.S.2001 § 706(E)(2). which provides:

> The lien of any judgment which has been satisfied by payment or otherwise discharged and which has not been released by the judgment creditor shall be released by the court upon written motion.

¶5 Defendant asserted that since her personal liability for the judgment debt to Bank had been discharged by the Bankruptcy Court, she was entitled to a release of the judgment lien. Bank objected, asserting the bankruptcy discharge did not apply to the judgment lien because pre-existing liens are not discharged by bankruptcy.[2]

¶6 The trial court denied Defendant's motion. Defendant now appeals.

### STANDARD OF REVIEW

■ ¶7 Where the facts are undisputed and the issue involves interpretation of a statute, an appeal presents only a question of law. *Baptist Bldg. Corp. v. Barnes,* 1994 OK CIV APP 71, ¶5, 874 P.2d 68, 69–70; *Wilson v. State ex rel. Dep't of Pub. Safety,* 2000 OK CIV APP 28, ¶10, 998 P.2d 1241, 1243. This Court's review is de novo, meaning no deference. *See Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190(1991).

### ANALYSIS

■ ¶8 Indisputably, Defendant received a discharge of debtor in Bankruptcy Court. Section 524(a) of the U.S. Bankruptcy Code, provides that such a discharge:

> (1) *voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged* under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

-[and]-

> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a *personal liability* of the debtor, whether or not discharge of such debt is waived[.]

11 U.S.C. § 524(a)(1) and (2) (OCIS 2009) (emphasis added).

¶9 Judgment liens are not listed in these sections; nor are they among the "exceptions to discharge" found in § 523. However, as noted in 4 Collier on Bankruptcy, ¶524.02[1] (15th rev. ed.2008):

> By referring to the debtor's personal liability, [the statute] also makes clear that an in rem judgment, based upon a prepetition lien and running solely against the debtor's property, would not be affected by the discharge. As the Supreme Court explained in *Johnson v. Home State Bank,* the right to foreclose on a lien survives or passes through bankruptcy unaffected by the discharge. Thus, a creditor may enforce a prepetition judgment lien after the discharge, if the automatic stay is no longer in effect and the lien has not been avoided, paid, or modified so as to preclude enforcement.

(Footnote omitted).

¶10 In *Johnson v. Home State Bank,* 501 U.S. 78, 83, 111 S.Ct. 2150, 2153, 115 L.Ed.2d

---

1. The record contains no information explaining the nature of this debt.

2. The parties do not explain why the bankruptcy trustee did not make a claim as to this property, or whether the trustee has any interest in the property.

66 (1991), the U.S. Supreme Court explained that while a discharge extinguishes the personal liability of the debtor, "the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy," because "a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor in personam—while leaving intact another—namely, an action against the debtor *in rem.*" *Id.* at 83 and 84, 111 S.Ct. at 2154.

¶ 11 *Johnson* has been cited more than 1600 times.[3] In *Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 21 (1 st Cir.2002), the U.S. Court of Appeals stated: "It is hornbook law that a valid lien survives a discharge in bankruptcy unless it is avoidable and the debtor takes the proper steps to avoid it." Here, there is no evidence that Bank's pre-existing, valid judgment lien was disallowed or avoided. Therefore, under *bankruptcy law* it survived Defendant's discharge, and remained enforceable.

■ ¶ 12 Nevertheless, Defendant asserts that under *state law* the judgment lien did not survive. She asserts that 12 O.S.2001 § 706(E)(2) provides that, when the debt is "otherwise discharged," as it was in her bankruptcy action, the judgment lien "shall be" released. We disagree.

■ ¶ 13 In interpreting a statute, legislative intent is of primary concern and the plain language of the statute usually controls. *Sharp v. Tulsa County Election Bd.*, 1994 OK 104, 890 P.2d 836. Rules of statutory construction should be used only when legislative intent cannot be ascertained from the language of the statute, as in cases of ambiguity or conflict with other statutes or the Constitution. *Cooper v. State ex rel. Dep't of Pub. Safety*, 1996 OK 49, 917 P.2d 466. In this case, a literal reading of the statutory language would appear to support Defendant's argument. However, we are required to give a statute meaning free from "constitutional doubt rather than one which would leave [a statute] fraught with some lingering

fundamental-law infirmities." *Baptist Med. Ctr. of Okla. v. Aguirre*, 1996 OK 133, ¶ 11, 930 P.2d 213, 219. We find that a broad, literal reading of § 706(E)(2) would render it unconstitutional.

■ ¶ 14 As noted above, while a bankruptcy discharge releases the debtor from personal liability for a debt, discharge does not affect vested liens upon property acquired prior to the filing of the bankruptcy petition, and such pre-existing liens may be enforced after a discharge is granted. Oklahoma courts have long held that properly perfected liens constitute a vested property right, and any law that retroactively impairs such vested property interests is violative of both the Fifth Amendment to the United States Constitution and Article 5, Section 54 of the Oklahoma Constitution. *See McFadden v. Blocker*, 48 S.W. 1043 (Indian Ter. Ct.App. 1899); *First Nat'l Bank of Pauls Valley v. Crudup*, 1982 OK 132, 656 P.2d 914. Thus, if we interpreted § 706(E)(2) as authorizing the nullification of pre-existing judgment liens, the statute would unconstitutionally impair the vested property rights of perfected lienholders. We recede from such an interpretation.[4]

¶ 15 Courts of other states have reached the same conclusion. For example, in *Triangle Refineries Inc., v. Brua*, 364 N.W.2d 863 (Minn.Ct.App.1985), the Minnesota Court of Appeals construed the following language of Minn.Stat. § 548.18 (1982):

> Any person discharged from his debts pursuant to the [Bankruptcy Code] may, after the expiration of one year from the date of such discharge, apply to any court of record in which a judgment shall have been rendered or a transcript thereof filed against him, for the discharge thereof from record, and if it shall appear to the court that he has thus been discharged from the payment of such judgment, the court may order and direct that such judgment be discharged and satisfied of record....

---

3. We note that another division of this Court recently cited Johnson favorably in *West v. Justice*, 2008 OK CIV APP 49, 185 P.3d 412, concerning a mortgage lien.

4. We would reach a different result if the underlying property interest (as opposed to the debtor's personal liability) had been extinguished in the bankruptcy proceeding. *See Toma v. Toma*, 2007 OK 52, 163 P.3d 540.

*Id.* at 864–65. In that case, the creditor had also obtained a personal judgment on the debtor and perfected a judgment lien upon the debtor's property. The debtor then obtained a Chapter 7 bankruptcy discharge. After waiting one year as required by the Minnesota statute, the debtor filed a motion to remove the judgment lien. The trial court granted the motion, and the creditor appealed. In reversing, the Minnesota Court of Appeals held that the state statute only nullified liens on property the debtor acquired after his bankruptcy petition was filed. The Court quoted the following language from *Olsen v. Nelson,* 125 Minn. 286, 146 N.W. 1097, 1099 (1914):

> Reading the statute literally, it might seem to authorize the court to order satisfaction of the judgment absolutely, without regard to its being a lien; but it cannot be given such broad construction, for, .... the effect would be to destroy a vested property right in no wise affected by the bankruptcy act .... an unnecessary and undesirable result, manifestly contrary to the statutory intent.

*Brua,* 364 N.W.2d at 865. *See also John Leslie Paper Co. v. Wheeler,* 23 N.D. 477, 137 N.W. 412 (1912); *Albritton v. General Portland Cement Co.,* 344 So.2d 574 (Fla.1977); *Ducker v. Standard Supply Co.,* 280 S.C. 157, 311 S.E.2d 728 (1984); *Everidge v. Am. Sec. Corp.,* 464 N.E.2d 374 (Ind.Ct.App.1984).

## CONCLUSION

¶ 16 Accordingly, we find that the legislative intent of 12 O.S.2001 § 706(E)(2) is that judgments extinguished by bankruptcy proceedings no longer have vitality to attach as liens to real estate *subsequently* acquired by a debtor. The state statute does not apply to valid liens *existing* at the time the debtor files his or her bankruptcy petition. For this reason, the trial court's judgment is affirmed.

¶ 17 AFFIRMED.

RAPP, C.J., and BARNES, J., concur.