991 F.2d 801
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
In Re: Daniel J. BERENS, Debtor,
Daniel J. BERENS, Appellant,
v.
HALL, BYERS, HANSON, STEIL & WEINBERGER, P.A., Appellees.
 No. 92-2556.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 15, 1993.
Filed: April 26, 1993.
 
 Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 In April 1991, Daniel J. Berens filed for bankruptcy under Chapter 13 of the Bankruptcy Code. 11 U.S.C. § 1301 (1988). Pursuant to Minnesota's Homestead Exemption Statute, Berens claimed his interest in his family's Minnesota home exempt from creditor claims. Minn. Stat. Ann. §§ 510.01-.07 (West 1990). The bankruptcy court disallowed the exemption, and the district court for the District of Minnesota affirmed. This appeal followed, and we affirm.
 
 
 2
 * Berens lived with his family in McLeod County, Minnesota until November 1988, when he moved to St. Cloud, Minnesota, where he was employed. He then moved in August 1990 to Dekalb, Illinois to start a new job. In January 1989, Berens's wife filed for dissolution, and a dissolution decree was entered in February 1991. Pursuant to the decree, the McLeod County home was to be sold and the equity divided between them. Until the sale, however, the Berenses were to own the house as tenants-in-common and the costs of maintenance were to be divided between them. The decree further awarded temporary possession of the home to Berens's wife and prohibited him from entering the home.
 
 II
 
 3
 On appeal, we are presented with the question of whether, after a dissolution decree is entered, a nonoccupant former spouse who files bankruptcy is entitled to the homestead exemption for his property interest in the former marital homestead.
 
 III
 
 4
 A debtor filing bankruptcy may claim certain property as exempt from the claims of creditors pursuant to 11 U.S.C. § 522(b) (1988). Under section 522(b), a debtor can choose to exempt from property of the estate that property which is exempt under the applicable state law. Hanson v. First Nat'l Bank, 848 F.2d 866, 868 (8th Cir. 1988). Berens elected a state-created exemption, so Minnesota law governs the question presented. In re Johnson, 880 F.2d 78, 79 (8th Cir. 1989). Minnesota law requires both "ownership" and "occupancy" to create a homestead. Minn. Stat. Ann. § 510.01 (West 1990) ("The house owned and occupied by a debtor as the debtor's dwelling plac e ... shall constitute the homestead of such debtor and the debtor's family....") (emphasis added). Cases construing section 510.01 hold that a homestead must be the actual place of the debtor's residence. See, e.g., Hentges v. P.H. Feely & Son, Inc., 436 N.W.2d 488, 491 (Minn. Ct. App. 1989). Because Berens had not occupied the home in McLeod County since November 1988, that home does not qualify as his homestead under section 510.01.
 
 
 5
 Even assuming Berens could establish a homestead exemption under section 510.01, the exemption would be lost through abandonment:
 
 
 6
 If the owner shall cease to occupy such homestead for more than six consecutive months the owner shall be deemed to have abandoned the same unless, within such period, the owner shall file with the county recorder of the county in which it is situated a notice, executed, witnessed, and acknowledged as in the case of a deed, describing the premises and claiming the same as the owner's homestead.
 
 
 7
 Minn. Stat. Ann. § 510.07 (West 1990). At the time the dissolution decree was entered, Berens had not lived in the McLeod County home for over two years and had failed to file notice as required by section 510.07. Under section 510.07, therefore, Berens is deemed to have abandoned the McLeod County homestead. Furthermore, because Berens had voluntarily left the marital homestead, he does not qualify for an extension of the six-month filing requirement. See Eustice v. Jewison, 413 N.W.2d 114, 118-19 (Minn. 1987); Muscala v. Wirtjes, 310 N.W.2d 696, 698 (Minn. 1981).
 
 
 8
 Under Minn. Stat. § 510.04 (1984), debts against spouses, either individually or jointly, do not attach to the homestead as long as one spouse possesses the homestead exemption. Eustice, 413 N.W.2d at 120. It thus follows, Berens argues, that because the homestead exemption was preserved until the entry of the final dissolution decree, the abandonment period set forth under section 510.07 did not start to run until that time. Because we find that Berens abandoned the homestead long before the dissolution decree was entered, this argument is without merit. Based on the foregoing, we affirm the decision of the district court.