**In re Neil S. JOHNSON, Debtor.**

**Bankruptcy No. 96–34824.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

April 25, 1997.

---

Jane L. Larson, Roseville, MN, for Debtor.

Brian R. Leonard, Minneapolis, MN, trustee.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION

GREGORY F. KISHEL, Bankruptcy Judge.

This Chapter 7 case came on before the Court for hearing on the Trustee's objection to the Debtor's claim of exemption in his interest in certain real estate. Trustee Brian F. Leonard appeared on behalf of the bankruptcy estate. The Debtor appeared by his attorney, Jane J. Larson. Upon the moving and responsive documents and the arguments of counsel, the Court makes the following order.

The Debtor filed a voluntary petition for relief under Chapter 7 on August 27, 1996. On his Schedule C, he elected, pursuant to 11 U.S.C. § 522(b)(2)(A), to claim the exemptions afforded to judgment debtors under Minnesota state law.

The Trustee timely objected to the Debtor's claim of exemption in an undivided one-half interest in certain residential real estate in Oakdale, Minnesota. The Debtor and his wife are the record holders of title to the property, apparently in joint tenancy. The Debtor, however, has not physically resided in the property for almost five years; he has lived in a rented apartment less than one block away. The Debtor's wife and their two minor children have continued to reside in the property. During this period of separation, neither the Debtor nor his wife has obtained a decree of dissolution of their marriage. The title to the property remains as it was before their separation. The Debtor has never filed a notice of intent to continue to claim the property as his homestead pursuant to MINN.STAT. § 510.07.[1]

---

**1.** These are the only findings that are defensibly made on the record at bar. The Trustee relies on the Debtor's testimony to this effect, given at the meeting of creditors in this case. He raised the issue of the property's exemptibility through a very terse notice of objection. In reply, the Debt-

These bare facts evidence a somewhat anomalous marital arrangement. They also frame up the dispute: did the Debtor "occupy" the marital dwelling within the meaning of MINN.STAT. § 510.01 [2] when he filed for bankruptcy relief under Chapter 7, entitling him to protect it from the bankruptcy estate as his exempt homestead? If not, does the homestead exemption statute protect his interest in the property in some other way?

MINN.STAT. § 510.01 sets the basic requirement of "occupancy" for homestead exemption. MINN.STAT. § 510.07 supplements this concept.[3] By the simplicity of their terms, these statutes seem to contemplate a short factual inquiry into actual physical presence on the subject property. They then seem to require a ruling against a debtor who is not maintaining such a presence, or objectively manifesting the intention to re-establish one in the prescribed way. However, other provisions of Chapter 510, and caselaw precedent from the Minnesota appellate courts, impose several layers of nuance and qualification.

The Minnesota Supreme Court has held, as a broad proposition, that where a debtor is not physically residing in the subject property

... the homestead exemption is lost after six months [of absence from physical occupancy] unless the person has filed [the notice contemplated by MINN.STAT. § 510.07], no matter what the person's intention [as to resuming occupancy in the future].

*Muscala v. Wirtjes*, 310 N.W.2d 696, 698 (Minn.1981) (citing *First Nat'l Bank of Mankato v. Wilson*, 234 Minn. 160, 47 N.W.2d 764 (1951)). This strict cutoff of homestead rights is subject to two limited exceptions, neither of which is applicable here.[4]

The inquiry on abandonment of a homestead assumes another dimension, however, when the debtor in question is married, and one party to the marriage has transferred residence from the subject property. This is due to MINN.STAT. § 510.04, which generally imbues the marital residence with

---

or's counsel submitted an eight-page memorandum. In it, she recited numerous fact allegations relating to the Debtor's continuing contacts with his wife, his children, and the property; then she argued various forms of Minnesota legal authority to support the claim of exemption. The memorandum, however, is not verified by the Debtor, and there is no supporting affidavit. LOC. R. BANKR.P. (D.Minn.) 9013–2 requires one or the other of these, "if facts are at issue." The Debtor has not recanted his testimony at the meeting of creditors, so it is not inappropriate to find facts based on the Trustee's summary of it. However, the Court cannot take cognizance of fact assertions that are not under oath. Had the content of the assertions-by-counsel been material, the Debtor's case would have been prejudiced by the failure to follow the Local Rules.

2. This statute provides as follows:

The house owned and occupied by a debtor as the debtor's dwelling place, together with the land upon which it is situated to the amount of area and value hereinafter limited and defined, shall constitute the homestead of such debtor and the debtor's family, and be exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing, except such as are incurred for work or materials furnished in the construction, repair, or improvement of such homestead, or

for services performed by laborers or servants and as is provided in [MINN.STAT § ]550.175. MINN.STAT. § 510.02 then "limit[s] and define[s]" the amount of area and value of an exempt homestead.

3. The pertinent provision of MINN.STAT. § 510.07 reads:

If the owner shall cease to occupy such homestead for more than six consecutive months the owner shall be deemed to have abandoned the same unless, within such period, the owner shall file with the county recorder of the county in which it is situated a notice, executed, witnessed, and acknowledged as in the case of a deed, describing the premises and claiming the same as the owner's homestead. In no case shall the exemption continue more than five years after such filing, unless during some part of the term the premises shall have been occupied as the actual dwelling place of the debtor or the debtor's family.

4. Where the debtor is absent from the homestead under a legal disability, he cannot be deemed to have abandoned it even if he has not timely filed the statutory notice. *Millett v. Pearson*, 143 Minn. 187, 173 N.W. 411 (1919) (incarceration under charge of murder); *Beigler v. Chamberlin*, 145 Minn. 104, 176 N.W. 49 (1920) (involuntary commitment to psychiatric hospital); *Eustice v. Jewison*, 413 N.W.2d 114 (Minn.1987) (both).

an exempt character, regardless of the form of title and without respect to the identity of the party liable on the relevant debt.[5] Thus, a homestead titled in one spouse is exempt from the claims of judgment creditors of both spouses, whether those claims lie individually or jointly. *Eustice v. Jewison*, 413 N.W.2d at 120. Further, a homestead held by two spouses in joint tenancy remains exempt from the claims of judgment creditors of both spouses, individually or jointly, as long as one of the spouses satisfies the statutory requirements for the exemption in an individual right. *Vickery v. First Bank of LaCrosse*, 368 N.W.2d 758, 764–765 (Minn.App.1985), *rev. denied* (Minn. August 20, 1985). Thus, even though one party to a marriage may have lost his homestead right by physical absence for more than six months without filing the statutory notice, the property will still be protected from claims of creditors under color of the other spouse's statutory right. This conclusion is justified by both

the broad public policy interests [traditionally cited in the construction of the Minnesota homestead laws] ... and the mandate that the applicable statutes be broadly interpreted in favor of the homesteader. *Id.* at 765.

In the case at bar, the Debtor is legally deemed to have abandoned his own claim of homestead exemption to the subject property; he ceased residing there long ago and failed to formally preserve his right to reoccupy under the exemption. This circumstance, however, does not bare the property to the bankruptcy estate's claim. His wife's and the children's ongoing residence satisfies the occupancy requirement of Minn.Stat. § 510.01. The statute, then, grants her the right to protect her undivided one-half interest from the claims of either spouse's creditors. Given *Vickery*'s refusal to "bifurcate the homestead exemption interests of the parties in ... jointly-held property," 368 N.W.2d at 765, the exempt character of her interest diffuses through the whole and protects it all, from the claims of creditors of either of them.[6] The Debtor's fractional interest, then, cannot be deemed to have lost the exemption as to the claims of his own creditors. *Id.*[7]

---

5. The relevant text of this statute is:

    If a debtor be married the homestead title may be vested in either spouse, and the exemption shall extend to the debts of either or of both.

6. The Minnesota homestead exemption laws have the underlying objective of preventing the destitution and dependency of families, and of promoting their stability, self-sustenance, and independence over the generations. *Denzer v. Prendergast*, 267 Minn. 212, 126 N.W.2d 440, 444 (1964) (citing *Ryan v. Colburn*, 185 Minn. 347, 241 N.W. 388, 389 (1932)); *Ferguson v. Kumler*, 27 Minn. 156, 6 N.W. 618, 619 (1880). From a gut-level perspective, the actual occupancy in this case meets this goal with even greater strength than the satisfaction of the technical notice requirements of Minn.Stat. § 510.07 that the Minnesota Court of Appeals deemed sufficient in *Vickery*. The rationale of *Vickery*, then, applies with even greater strength here.

7. In oral argument, the Trustee characterized *Vickery* as being based on a gratuitous, result-oriented theory that was an impermissible extension of the statute. He also characterized its refusal to separate spouses' interests as *dicta*. In this he is quite mistaken. While the legal analysis in *Vickery* does not go quite far enough to identify the creditors whose claims are defeated under its rationale, as between creditors of individual spouses or joint creditors, its procedural history end facts clarify this. *Vickery* arose out of a declaratory judgment action, brought by a purchaser of real estate to establish whether the pre-sale entry of judgments against her sellers had attached liens under Minn.Stat. § 548.09 to the property. Judgments had been entered against the seller-spouses jointly and the husband individually. 368 N.W.2d at 760. The purchaser brought her action to obtain a determination that she had acquired title to the property free and clear of all of the judgments, 368 N.W.2d at 761, on the ground that it had been the sellers' exempt homestead when the judgments were docketed. The *Vickery* court did not expressly hold that the derivative exemption flowing from the wife's rights prevented the attachment of judgment liens in favor of the husband's individual creditors, but there is no other way to make sense of the decision's result and broad holding. Too, this rationale gives broadest effect to the dictate of Minn.Stat. § 510.04 that "the exemption shall extend to the debts of either [spouse] or of both." In that way, it is fully consonant with the strain of Minnesota homestead jurisprudence that counsels a liberal application of the protection. *E.g.*, *Denzer v. Prendergast*, 126 N.W.2d at 444; *Application of Hickman*, 222 Minn. 161, 23 N.W.2d 593, 597 (1946); *Ryan v. Colburn*, 241 N.W. at 389; *Mulroy v. Sioux Falls Trust & Savings Bank*, 165 Minn. 295, 206 N.W. 461, 462 (1925); *Kiewert v. Anderson*, 65 Minn. 491, 67 N.W. 1031, 1033 (1896).

IT IS THEREFORE ORDERED:

1.  The Trustee's objection to the Debtor's claim of exemption in his interest in the following described real estate in Washington County, Minnesota:

Lot 21, Block 5, Oakdale Heights, is over-ruled.

2.  The Debtor's interest in the real estate described in Term 1 is exempt from the bankruptcy estate by the operation of MINN. STAT. § 510.01, *et seq.*