**In re Tammra K. HOLMAN, Debtor.**

No. 02–60633.

United States Bankruptcy Court,
D. Minnesota.

Dec. 19, 2002.

David G. Velde, Alexandria, MN, trustee.

Thomas L. D'Albani, Bemidji, MN, for defendant.

## ORDER SUSTAINING OBJECTION TO EXEMPTION

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court on the Chapter 7 Trustee's objection to the Debtor's claimed homestead exemption in real property. David G. Velde, the Trustee, appeared *pro se*. Thomas L. D'Albani appeared on behalf of the Debtor, Tammra K. Holman. Upon the conclusion of arguments made at the hearing, the Court took the matter under advisement.

Based upon all the files, proceedings and records herein, and being fully advised in the premises, the Court now makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I. Introduction

The facts in this case are undisputed. The Debtor, Tammra K. Holman, was formerly married to Keith A. Holman. During their marriage the Holmans owned and resided at real property legally described as Lots 10 and 11, Block 1, Wolf Lake Scenic Point Addition, Beltrami County, Minnesota. They owned the property together as joint tenants, and the deed still reflects the same ownership today.

Sometime in approximately November 2000, the Debtor vacated the marital property. Her husband remained and continues to reside in the property. The Debtor moved out of the property as part of the process of dissolving the marriage, and she has not occupied the marital homestead since she left two years ago. The Debtor rents a separate dwelling in the same area. The Holmans share physical custody of their minor daughter, with the daughter spending half of her time with her father in the homestead property, and half of her time with the Debtor in the rented dwelling.

The Debtor continues to be obligated on the mortgage on the homestead property. In 2001 the Holmans, still married, filed a joint income tax return deducting the mortgage interest paid against the property. At no time since vacating the property, however, did the Debtor record in Beltrami County pursuant to Minn.Stat. 510.07 an intent not to abandon the homestead property.

On February 28, 2002, the Holmans' marriage was dissolved by a Judgment and Decree entered by the Minnesota state district court for Beltrami County. With regard to the marital homestead property, the dissolution decree provided: "The parties shall retain joint ownership in the

subject property until such time as respondent pays the petitioner [the Debtor] her share of the equity in the subject property which totals $34,149." The dissolution decree further provided that Keith Holman was to make the payment within 60 days of the date of the decree and that failing his ability to do so, the "property shall be sold, the underlying mortgage debts paid, and the balance of funds split equally between petitioner and respondent."

The dissolution Judgment and Decree was amended on July 1, 2002, in pertinent part to reflect a change in the amount of the Debtor's share of the equity in the property, a decrease to $21,315.15. The amended decree did not change the payment–within–60–days or sale-and-division-of-proceeds provisions.

On June 27, 2002, the Debtor filed her Chapter 7 bankruptcy petition. On her Schedule C, the Debtor selected exemptions pursuant to 11 U.S.C. § 522(b)(1) and § 522(d), and claimed the property exempt under § 522(d)(1). She listed the value of the claimed exemption at $34,149 and the current market value of the property at the same amount. The schedule does not appear to have been amended since the dissolution decree was amended.

Accordingly, the Debtor had not occupied the homestead property for 19 months before filing for bankruptcy relief. At the time of the dissolution of the Holmans' marriage, the Debtor had not occupied the property for approximately 15 months. At the time of filing, the Debtor had been divorced for 4 months.

## II. Discussion

*Defining the Debtor's Interest in the Property*

■ As a preliminary matter, it is necessary to determine the nature of the Debtor's interest in the property at the various potentially relevant times. While the Debtor was married, the property was held by the Holmans in joint tenancy. Under Minnesota law, joint tenants each share an undivided interest, a right of survivorship, and a present right to use and occupy the real estate. *See O'Hagan v. United States*, 86 F.3d 776, 779 (8th Cir.1996), citing *Hendrickson v. Minneapolis Fed. Sav. & Loan Ass'n*, 281 Minn. 462, 161 N.W.2d 688 (1968).

The final effect of the dissolution decree as to the Debtor is clear. It provides that the Holmans will continue to hold joint ownership of the property *until* the Debtor receives her portion of the equity in an amount certain by payment or by sale. As to Keith Holman, the decree awards him the right to either pay the Debtor and exclusively retain the property or sell the property and share the proceeds therefrom with the Debtor. In either event the decree contemplates for the Debtor only a payment as a result of her interest in the subject property. The decree does not, however, indicate specific requirements or any particular instrument or mechanism for executing the disposition of the Debtor's interest in the event of a payment and not a sale.

If the property would have been sold prior to the filing of this bankruptcy case, the Debtor would no longer have an ownership interest in the property. She would have an interest in her portion of the proceeds. But the property has not been sold. If the Debtor's husband had made the lump sum equity payment to the Debtor in lieu of the homestead being sold, then presumably the state court would necessarily have enforced its decree by ordering some manner of implementing the language awarding the entire homestead property to the Debtor's former husband. Therefore, had the single payment been made, the Debtor would likewise have an interest in proceeds and not an ownership interest. But the equity payment of $21,315.15 has not been made. At the

time of filing and at the time of the hearing on this matter, the Debtor's interest, though divided and valued by the dissolution decree, is not in proceeds.[1]

The decree fails to provide the means required to consummate the award of the property exclusively to Keith Holman, such as for example a quitclaim deed executed by the Debtor. This is not a case in which the Debtor retains a marital or other lien on the property. Although it looks like the Debtor's interest is in a right to a payment, the decree did not dispose of her ownership interest. At the time of filing bankruptcy, the Debtor maintained her joint tenancy ownership interest in the property.

■ By filing bankruptcy, however, the joint tenancy in which the Debtor and her former husband held the property was severed. As of June 27, 2002, the Debtor and her former husband own the property as tenants in common. "A severance of a joint tenancy interest in real estate by a joint tenant shall be legally effective only if (1) the instrument of severance is recorded in the office of the county recorder or the registrar of titles in the county where the real estate is situated; or (2) the instrument of severance is executed by all of the joint tenants; or (3) the severance is ordered by a court of competent jurisdiction; or (4) a severance is effected pursuant to bankruptcy of a joint tenant." See M.S.A. § 500.19(5); see also *Wendt v. Hane*, 401 N.W.2d 457, 459 (Minn.Ct.App.1987) (MSA § 500.19 restricts severance of joint tenancies in derogation of common law and must be strictly construed).

*Homestead Exemption Under Minnesota Law*

■ Minnesota's homestead exemption statute provides:

"The house owned *and occupied* by a debtor *as the debtor's dwelling place,* together with the land upon which it is situated to the amount of area and value hereinafter limited and defined, shall constitute the homestead of such debtor and the debtor's family, and be exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing, except such as are incurred for work or materials furnished in the construction, repair, or improvement of such homestead, or for services performed by laborers or servants and as is provided in section 550.175."

See Minn.Stat. § 510.01 (2002) (emphasis added).

The statute provides an exception for an owner's limited absence from the homestead property under certain circumstances and with a formal notice requirement. In pertinent part:

"The owner may remove therefrom without affecting such exemption, if the owner does not thereby abandon the same as the place of abode. If the owner shall cease to occupy such homestead for more than six consecutive months the owner shall be deemed to have abandoned the same unless, within such period, the owner shall file with the county recorder of the county in which it is situated a notice, executed, witnessed, and acknowledged as in the case of a deed, describing the premises and claiming the same as the owner's homestead."

See Minn.Stat. § 510.07 (2002).

The Trustee's objection is based on the fact of the Debtor's departure and main-

---

1. "Proceeds are cash, and cash only, and are protected by the statute only to the extent actually received in-hand by a debtor within one year of a sale." *See In re Mueller,* 210 B.R. 460, 466 (Bankr.D.Minn.1997) (citations omitted).

tained absence from the property with no notice or other indication of an intent to return or otherwise preserve the property as her residence. The Trustee contends that the Debtor long ago abandoned the property and cannot now properly claim her interest in it exempt as her homestead. Indeed, under the plain language of the applicable statutes above, the Debtor has no recourse. It is undisputed that she left the property a long time ago and did not file a notice of intention to preserve her homestead interest in the same. Accordingly, the Debtor is presumed to have abandoned the property as her homestead.

In addition to her prolonged absence from the property and her failure to file a notice of an intent to maintain her homestead interest in the property, the Debtor did not spend time with the Holmans' minor child at the homestead property but instead their daughter spent her time with the Debtor at the Debtor's rented dwelling. Moreover, the terms of the dissolution decree in which the Debtor is awarded a right to payment for her ownership interest in the property is consistent with the demonstrated lack of intention to maintain or restore the property as her dwelling place. Departing the property was part of departing the marriage, and the Debtor made no argument or claim that she ever had an intention or desire to return to or be awarded the homestead property. Her abandonment of the property at issue is patent.

The Debtor argues that she is nevertheless entitled to claim the property exempt as her homestead because: 1) she continues to be a joint owner of the property with her former spouse who continues to hold a valid homestead interest in the property; and 2) she filed her bankruptcy petition within 12 months of the state court's determination of her interest in proceeds from the disposition of the property as a result of the marital dissolution.

The Minnesota exemption statute does provide: "If the debtor be married the homestead title may be vested in either spouse, and the exemption shall extend to the debts of either or of both." See Minn. Stat. § 510.04 (2002). There are also a line of cases supporting the spouse-derived homestead exemption. In Vickery v. First Bank of LaCrosse, 368 N.W.2d 758, 765 (Mn.Ct.App.1985), the Minnesota Court of Appeals concluded, "Finally, we are unable to bifurcate the homestead exemption interests of the parties in this jointly-held property." However, the court specifically explained, "If it has not lost its character as homestead property as to wife in the context of this marriage, we are unwilling to hold that somehow it has lost that character as to husband." Id.

■ "[A] homestead titled in one spouse is exempt from the claims of judgment creditors of both spouses, whether those claims lie individually or jointly." See Eustice v. Jewison, 413 N.W.2d 114, 120 (Minn.1987), cited in In re Johnson, 207 B.R. 878, 881 (Bankr.D.Minn.1997). "Further, a homestead held by two spouses in joint tenancy remains exempt from the claims of judgment creditors of both spouses, individually or jointly, as long as one of the spouses satisfies the statutory requirements for the exemption in an individual right." Johnson, 207 B.R. at 881, citing Vickery, 368 N.W.2d at 764–765. "Thus even though one party to a marriage may have lost his homestead right by physical absence for more than six months without filing the statutory notice, the property will still be protected from claims of creditors under color of the other spouse's statutory right." Johnson, 207 B.R. at 881.

■ Nevertheless, "a debtor's right to an exemption is fixed as of the date of his

or her filing in bankruptcy." *See Mueller v. Buckley (In re Mueller)*, 215 B.R. 1018, 1022 (8th Cir. BAP 1998) (citations omitted). At the time of the Debtor's filing, she was not married. There is no support for the proposition that Keith Holman's homestead exemption at that time extended to the Debtor as a result of the former-spouse relationship. Such a conclusion is contrary to the plain language of Minn. Stat. § 510.04. There is also no authority for the proposition that Keith Holman's valid homestead exemption in the property extended to the Debtor solely as a result of their joint tenancy ownership of the property. Moreover, the Holmans were no longer joint tenants at the time of the Debtor's filing because the filing severed the joint tenancy.

Most significantly, the Bankruptcy Appellate Panel for the Eighth Circuit has held that, where a marriage has been dissolved, Minn.Stat. § 510.04 does *not* preserve the homestead exemption "in both spouses for the duration of their marriage if only one spouse occupies the homestead." *Mueller*, 215 B.R. at 1025. "These factors do not operate to interrupt the abandonment period provided for under Section 510.07 as to a non-occupying spouse." *Id.*

Finally, the Court of Appeals for the Eighth Circuit in a similar case has held that Minn.Stat. § 510.04 does not operate to preserve the homestead exemption in a non occupying divorced debtor, during the prior marriage, by way of the debtor's former spouse where the debtor had abandoned the homestead well before entry of a marital dissolution decree. *See Berens v. Hall, Byers, Hanson, Steil & Weinberger, P.A. (In re Berens)*, 991 F.2d 801, 1993 WL 128008 (8th Cir.1993) (unpublished). In *Berens*, the debtor had not lived in the marital homestead for over two years prior to entry of the dissolution decree, had not filed a 510.07 notice, and was deemed to have abandoned the homestead. *Id.* "[B]ecause Berens had voluntarily left the marital homestead, he does not qualify for an extension of the six-month filing requirement." *Id.*, citing *Eustice v. Jewison*, 413 N.W.2d at 118–119; *Muscala v. Wirtjes*, 310 N.W.2d 696, 698 (Minn.1981).

As to the Debtor's second argument, she is correct that the Minnesota homestead exemption statute provides, in relevant part: "The owner may sell and convey the homestead without subjecting it, or the proceeds of such sale for the period of one year after sale, to any judgment or debt from which it was exempt in the owner's hands." *See* Minn.Stat. § 510.07 (2002). The first problem with the Debtor's reliance on this section is of course that there are no proceeds to consider for exemptibility. Moreover, the Debtor continues to be a co-owner of the property. It has not been sold nor conveyed, and the plan to do so or otherwise divest the Debtor of her interest remain unconsummated and contingent.

The greater challenge continues to be the Debtor's abandonment of the property. The § 510.07 "exemption ceases to apply ... when a homestead has been abandoned by its owner." *See Mueller*, 215 B.R. at 1024. It is of no consequence that the Debtor filed her petition before 12 months had elapsed since her marriage dissolution decree was entered, even if the moment of her divorce could be construed as an act of the sort contemplated by § 510.07 to commence the 12 months.[2]

---

2. *See In re Mueller,* 210 B.R. at 466 (The date of the sale for purposes of Section 510.07 must be fixed as the date on which the dissolution decree was entered as that was when property rights effectively passed between the former husband and wife). Concluding that the date of the Debtor's dissolution in this case constitutes a sale of her interest in the

The Debtor long ago abandoned the homestead property, more than a year prior to her divorce, and more than that prior to her bankruptcy filing.

The Debtor's definitive abandonment of the marital homestead requires that the Trustee prevail and the objection be sustained.

### III. Disposition

IT IS HEREBY ORDERED:

1. The Trustee's objection is SUSTAINED;

2. The Debtor's claim of exemption in an interest in the real property identified as

   *Lots 10 and 11, Block 1, Wolf Lake Scenic Point Addition, Beltrami County, Minnesota.*

   is DISALLOWED; and

3. The Debtor's interest in the above described real property belongs to her bankruptcy estate.

property would be a tenuous determination due to the inchoate nature of the disposition articulated by the decree, the ongoing jurisdiction of the state court over the details of the dissolution and in particular over the property, and the presently indefinite co-ownership of the property. The lack of certainty and finality in the dissolution decree with respect to the property distinguish this case from others in which, for example, a lien is granted or deed executed.