# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 11-6058

In re:                                          *
                                                *
Polaroid Corporation;                           *
Polaroid Holding Company;                        *
Polaroid Consumer Electronics, LLC;              *
Polaroid Capital, LLC;                           *
Polaroid Latin America I Corporation;            *
Polaroid Asia Pacific LLC;                       *
Polaroid International Holding LLC;              *
Polaroid New Bedford Real Estate, LLC;           *
Polaroid Norwood Real Estate, LLC;               *
Polaroid Waltham Real Estate, LLC,               *
                                                *
    Debtors.                                 *
                                                *
TLP Services, LLC,                              * Appeal from the United States
                                                * Bankruptcy Court for the
    Objector-Appellant,                      * District of Minnesota
                                                *
            v.                                   *
                                                *
John R. Stoebner, Chapter 7 Trustee,            *
                                                *
    Movant-Appellee.                         *

Submitted: October 31, 2011
Filed: December 15, 2011

Before FEDERMAN, VENTERS, and NAIL, Bankruptcy Judges.

NAIL, Bankruptcy Judge.

TLP Services, LLC appeals the July 12, 2011 order of the bankruptcy court[1] authorizing Chapter 7 Trustee John R. Stoebner to use cash collateral. We affirm.

BACKGROUND

John R. Stoebner ("Stoebner") is the trustee for the jointly administered chapter 7 bankruptcy estates of Polaroid Corporation, Polaroid Holding Company, Polaroid Consumer Electronics, LLC, Polaroid Capital, LLC, Polaroid Latin America I Corporation, Polaroid Asia Pacific LLC, Polaroid International Holding LLC, Polaroid New Bedford Real Estate, LLC, Polaroid Norwood Real Estate, LLC, and Polaroid Waltham Real Estate, LLC (collectively, "Debtors").[2]

---

[1]The Honorable Gregory F. Kishel, Chief Judge, United States Bankruptcy Court for the District of Minnesota.

[2]On June 19, 2009, shortly before the cases were voluntarily converted from chapter 11, Polaroid Corporation changed its name to PBE Corporation; Polaroid Holding Company changed its named to PBE Holding Company; Polaroid Consumer Electronics, LLC changed its name to PBE Consumer Electronics, LLC; Polaroid Capital, LLC changed its name to PBE Capital, LLC; Polaroid Latin America I Corporation changed its name to PBE Latin America I Corporation; Polaroid Asia Pacific LLC changed its name to PBE Asia Pacific, LLC; Polaroid International Holding LLC changed its name to PBE International Holding, LLC; Polaroid New Bedford Real Estate, LLC changed its name to PBE New Bedford Real Estate, LLC; Polaroid Norwood Real Estate, LLC changed its name to PBE Norwood Real Estate, LLC; and Polaroid Waltham Real Estate, LLC changed its name to PBE Waltham Real Estate, LLC. These name changes did not effect a change in the names of the respective bankruptcy cases.

On June 23, 2011, Stoebner filed a verified motion[3] for authorization to use cash collateral.[4] By his motion, Stoebner sought authority to use $3,153,500 of cash collateral to fund his efforts to recover approximately $4,600,000 from various sources and an unspecified sum from the more than 80 adversary proceedings Stoebner had commenced. As adequate protection of the interests of the various secured creditors who claimed an interest in that cash collateral, Stoebner proposed to grant those secured creditors replacement liens against all Debtors' post-petition assets, to maintain segregated accounts and books of account for all items of cash collateral, to maintain insurance on all tangible property of the bankruptcy estates, and, upon request, to provide copies of his record of receipts and disbursements.

TLP Services, LLC ("TLP") objected to Stoebner's motion. In its objection, which was not verified or accompanied by an opposing affidavit,[5] TLP claimed to be the holder of a secured claim in the Polaroid Corporation case and argued Stoebner's motion "provide[d] insufficient evidence that the proposed replacement lien constitute[d] adequate protection of the value of TLP's interest in cash collateral."

The matter was heard on July 12, 2011. The bankruptcy court ruled from the bench and memorialized its decision in an order overruling TLP's objection and allowing Stoebner to use cash collateral. In reaching its decision, the bankruptcy court found the replacement lien offered by Stoebner adequately protected TLP's interest in the cash collateral. TLP timely filed a notice of appeal.

---

[3]Pursuant to local rule, if facts are at issue, the party making a motion must serve and file an affidavit or verification of the motion. Loc.R.Bankr.P. (D. Minn.) 9013-2(a). A verification is an "affidavit or unsworn declaration, affixed to or endorsed on a document, which states in substance that the factual allegations made in the document are true and correct according to the best of the verifier's knowledge, information and belief." Loc.R.Bankr.P. (D. Minn.) 9001-1(13).

[4]This was Stoebner's sixth motion for authorization to use cash collateral. Pursuant to his five earlier motions, Stoebner was authorized to use approximately $13,700,000 of cash collateral; he actually used less than $10,000,000; and he recovered more than $27,700,000.

[5]Pursuant to local rule, if facts are at issue, a party responding to a motion must include an opposing affidavit. Loc.R.Bankr.P. (D. Minn.) 9013-2(b).

STANDARD OF REVIEW

The issue of adequate protection is a question of fact. *Martin v. Commodity Credit Corporation* (*In re Martin*), 761 F.2d 472, 474 (8th Cir. 1985). We review the bankruptcy court's findings of fact for clear error. *See R & R Ready Mix v. Freier* (*In re Freier*), 604 F.3d 583, 587 (8th Cir. 2010) (citing *First Nat'l Bank of Olathe, Kansas v. Pontow*, 111 F.3d 604, 609 (8th Cir. 1997)). A finding of fact is clearly erroneous if, after reviewing the entire evidence, the Court is left with the definite and firm conviction that a mistake has been made. *Id.* (quoting therein *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)).[6]

DISCUSSION

Pursuant to 11 U.S.C. § 363(b)(1), "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate[.]" However,

> at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e). In considering the adequacy of an offer of adequate protection,

> the bankruptcy court must necessarily (1) establish the value of the secured creditor's interest, (2) identify the risks to the secured creditor's value resulting from the [trustee's] request for use of cash collateral, and (3) determine whether the [trustee's] adequate protection proposal protects value as nearly as possible against risks to that

---

[6]Put another, more colorful way, "[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *In re Papio Keno Club, Inc.*, 262 F.3d 725, 729 (8th Cir. 2001) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

-4-

> value consistent with the concept of indubitable equivalence.

*Martin*, 761 F.2d at 476-77 (citation omitted).

On appeal, TLP argues the bankruptcy court failed to follow *Martin* and we should therefore reverse the bankruptcy court's order allowing Stoebner to use cash collateral and remand the matter for further proceedings. We disagree.

In its bench ruling, the bankruptcy court did not specifically refer to each of the steps outlined in *Martin*. However, "[o]ral findings and conclusions under Rule 52(a) must be liberally construed and found to be in consonance with the judgment if the judgment has support in the record evidence." *Fonder v. U.S.*, 974 F.2d 996, 999-1000 (8th Cir. 1992) (quoting *Jiles v. Ingram*, 944 F.2d 409, 414 (8th Cir. 1991)) (internal quotation marks omitted).[7] The question then is whether the bankruptcy court's order allowing Stoebner to use cash collateral has support in the record evidence.[8] We conclude it does.

With respect to the value of TLP's interest in the cash collateral Stoebner wished to use, at the July 12 hearing, TLP argued its secured claim was for $13,750,000, with interest continuing to accrue. Stoebner argued TLP's claim was not enforceable for various reasons not relevant to this appeal, but for the purposes of Stoebner's motion, the bankruptcy court expressly assumed TLP's secured claim was enforceable and thus at least implicitly accepted TLP's valuation.

Next, with respect to the risks resulting from Stoebner's use of the cash collateral, TLP clearly pled and vigorously argued two perceived risks both in its objection to Stoebner's motion and in its oral argument at the July 12 hearing: (1)

---

[7]The relevant portion of Fed.R.Civ.P. 52 applies in contested matters. Fed.Rs.Bankr.P. 7052 and 9014(c).

[8]TLP's failure to comply with Loc.R.Bankr.P. (D. Minn.) 9013-2(b), *see supra* note 5 and accompanying text, limited the record evidence in this case to that proffered by Stoebner in his verified motion and his verified reply to TLP's objection. "[T]he Court cannot take cognizance of fact assertions that are not under oath." *In re Johnson*, 207 B.R. 878, 879 n. 1 (Bankr. D. Minn. 1997).

some of the more than $4,600,000 Stoebner anticipated recovering might be recovered on behalf of one or more of the jointly administered chapter 7 estates other than the Polaroid Corporation chapter 7 estate, which would not benefit TLP, as it claims to be the holder of a secured claim only in the Polaroid Corporation case; and (2) Stoebner might not be able to recover the full amount he anticipated recovering. The bankruptcy court was therefore necessarily mindful of those perceived risks in reaching its decision.

Finally, with respect to whether the replacement lien offered by Stoebner would protect TLP's secured claim against those perceived risks, Stoebner directly addressed both, even though TLP offered no evidence to suggest either risk was real or indeed anything more than hypothetical. In his verified reply to TLP's objection, Stoebner stated he "scrupulously accounts separately for all receipts and disbursements for the respective bankruptcy estates," and at the July 12 hearing, he pointed the bankruptcy court to the past history of the jointly administered cases and the reports he had filed with the bankruptcy court to demonstrate he had at all times properly segregated the jointly administered chapter 7 estates' receipts and expenditures, and he represented to the bankruptcy court he would continue to do so. TLP offered no evidence to suggest either Stoebner had not done so in the past or he would not continue to do so in the future. In his verified motion, Stoebner stated he anticipated recovering approximately $4,600,000–which did not include any estimated recovery from the more than 80 adversary proceedings he had commenced–and identified the sources from which he anticipated recovering that sum, and in his verified reply to TLP's objection, he reminded the bankruptcy court his previous forecasts had been accurate. TLP argued Stoebner's figures represented nothing more than his expectation that he could recover those funds, but it offered no evidence to suggest Stoebner's projection was unreasonable or his figures were inflated or otherwise inaccurate. We do not see any reason why the bankruptcy court needed to reiterate the evidence–or how its doing so would have affected the outcome in this case–when Stoebner's was the only evidence received at the July 12 hearing.

The bankruptcy court's order allowing Stoebner to use cash collateral has ample support in the record evidence. This is especially so in light of TLP's failure

to offer any contrary evidence. Under the circumstances, we cannot say the bankruptcy court's oral finding of adequate protection was clearly erroneous.[9]

## CONCLUSION

For the foregoing reasons, we affirm the bankruptcy court's order allowing Stoebner to use cash collateral.

————————————

————————————

[9]Both before the bankruptcy court and on appeal, Stoebner argued the Polaroid Corporation chapter 7 estate has a sufficient equity cushion to protect TLP's interest in the cash collateral. An equity cushion can afford adequate protection. *See, e.g., In re Johnson*, 90 B.R. 973, 979 (Bankr. D. Minn. 1988); *In re Belton Inns, Inc.*, 71 B.R. 811, 816 (Bankr. S.D. Iowa 1987). However, the bankruptcy court did not premise its finding of adequate protection on the presence of an equity cushion. Consequently, we do not reach the question of whether TLP may be adequately protected by such an equity cushion.